# EXHIBIT 7

# TO

# COMPLAINT

1  Konrad L. Trope, Esq. SBN 133214
   **Novo Law Group, P.C.**
2  University Tower
   4199 Campus Drive, Suite 550
3  Irvine, California 92612
   (949) 509-6531 (tel)
4  (949) 509-6532 (fax)

5  Attorneys for Plaintiff PACIFIC INFORMATION RESOURCES, INC.

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9

10 PACIFIC INFORMATION RESOURCES,        )    **CASE NO. C06-02306 MMC**
   INC.,                                 )
11                                        )    [Before the Honorable Maxine M. Chesney
              Plaintiff,                  )    Courtroom: 7]
12                                        )
          v.                             )    **NOTICE OF ERRATA RE COURT**
13                                        )    **CAPTION DESIGNATION**
   DIANA MUSSELMAN, individually; DOE 1  )
   d/b/a DATAHOUNDDETECTIVE.COM;         )    Third Amended Complaint
14 RENEE DUNBAR, individually; ADRIAN    )    Filing Date:            January 25, 2007
   PEREIRA, as an individual; ELTON      )    Discovery Cut-Off Date: November 7, 2007
15 PEREIRA, as an individual; JASON-LEO  )    Trial Date:             May 5, 2008
   CARVALHO, as an individual;           )    Status Conference:      June 8, 2007
16 PARETOLOGIC, INC., a British Columbia,)
   Canada corporation; ALEXEI BORISOV, as an )
17 individual; LEVON GASPARIAN, as an    )
   individual; AIRON CORP., a Massachusetts )
18 corporation; ROSSON VENTURES, LLC;    )
   LINDA K. ROSSON, as an individual;    )
19 MATTHEW ROSSON, as an individual;     )
   BERRY T. ROSSON, as an individual;    )
20 MEDIACHOICE, INC., an Arizona corporation )
   d/b/a www.media-choice.com; ARNOLD E. )
21 KUENN, individually; ANDREA KUENN,    )
   individually; PETER DUNBAR; AND DOES  )
22 10 through 100, inclusive, WHOSE      )
   IDENTITIES ARE UNKNOWN,               )
23                                        )
              Defendants.                 )
24 _____ )

25

26

27                                    1
   _____
   **NOTICE OF ERRATA RE COURT CAPTION DESIGNATION**
28                                             **Case No. C06-02306 MMC**

1  TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD AS WELL AS THIS

2  HONORABLE COURT:

3  Upon review of the Third Amended Complaint filed on or about January 25, 2007,

4  counsel for Plaintiff, PACIFIC INFORMATION RESOURCES, INC., has realized that the Court

5  Caption should be changed from **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

6  **IN AND FOR THE COUNTY OF ORANGE CENTRAL JUSTICE CENTER** to **UNITED**

7  **STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**.

8  Respectfully submitted,

9  DATED: February 7, 2007              **NOVO LAW GROUP, P.C.**

10

11  BY:  ___/s/_____
          Konrad L. Trope, Esq.

12          Attorneys for Plaintiff PACIFIC
          INFORMATION RESOURCES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  2
    **NOTICE OF ERRATA RE COURT CAPTION DESIGNATION**

28  **Case No. C06-02306 MMC**

# PROOF OF SERVICE

I am employed in the County of Orange, State of California in the office of a member of the Bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is: **4199 Campus Drive, Suite 550, Irvine, California 92616**

On **February 7, 2007**, I served the foregoing document described as:

**NOTICE OF ERRATA RE COURT CAPTION DESIGNATION**

on the interested parties in this action by placing □ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

### *SEE ATTACHED SERVICE LIST*

**XX**   **BY MAIL:** I deposited such envelope in the mail at Irvine, California as indicated on the attached Mailing List. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee at the address on the attached Mailing List.

**BY FEDEX:** I deposited such envelopes at Irvine, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

**BY FACSIMILE:** I transmitted the foregoing document by facsimile to the party(s) identified above by using the facsimile number(s) indicated. Said transmission(s) were verified as complete and without error.

**XX**   **BY INTERNET/E-MAIL:** I certify that on February 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing as indicated on the attached Mailing List.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 7, 2007**, at Irvine, California.

/s/
J. Renée Nordyke

3

**NOTICE OF ERRATA RE COURT CAPTION DESIGNATION**

**Case No. C06-02306 MMC**

**SERVICE LIST:**
*Pacific Information Resources v Musselman, et. al.*
Case No. C06-02306 MMC

**VIA U.S. MAIL**

Arnold Kuenn
13615 North 2nd Street
Phoenix, AZ 85022

**VIA U.S. MAIL**

Andrea Kuenn
13615 North 2nd Street
Phoenix, AZ 85022

**VIA U.S. MAIL**

MediaChoice, Inc.
13615 North 2nd Street
Phoenix, AZ 85022

_____

**VIA ELECTRONIC NOTIFICATION**

Duncan C. Turner, Esq.                    Attorneys for Defendants Alexei Borisov,
Badgley~Mullins Law Group                 Levon Gasparian and Airon Corp.
701 5th Avenue, Suite 4750
Seattle, WA 98104
Tel: (206) 621-6566
Fax: (206) 621-9686
email: duncanturner@badgleymullins.com
email: courtnotices@badgleymullins.com

**VIA ELECTRONIC NOTIFICATION**

Steven J. Rood, Esq.
Attorney at Law
405 14th Street, Suite 212
Oakland, CA 94612
Tel: (510) 839-0900
Fax: (510) 839-0230
email: steve@steverood.com

_____

**VIA U.S. MAIL**

Barry Rosson
5100 Larkwood Road
Lincoln, NE 68516

_____

4

**NOTICE OF ERRATA RE COURT CAPTION DESIGNATION**
**Case No. C06-02306 MMC**

**VIA U.S. MAIL**

Linda Rosson
5100 Larkwood Road
Lincoln, NE 68516

**VIA U.S. MAIL**

Matthew Rosson
5100 Larkwood Road
Lincoln, NE 68516

**VIA U.S. MAIL**

Rosson Ventures, LLC
5100 Larkwood Road
Lincoln, NE 68516

---

**VIA ELECTRONIC NOTIFICATION**

Jack D. Hull, Esq.                      Attorneys for Diana Musselman
Goldsmith & Hull
16000 Ventura Blvd., Suite 900
Encino, CA 91436
Tel: (818) 990-6600 x 223
Fax: (818) 990-6140
email: JHull@goldsmithcalaw.com

**VIA ELECTRONIC NOTIFICATION**

John W. Dozier, Jr.
Dozier Internet Law, P.C.
301 Concourse Boulevard
West Shore III, Suite 300
Glen Allen, VA 23059
Tel: (804) 346-9770
Fax: (804-346-0800
email: jwd@cybertriallawyer.com
email: lisa@cybertriallawyer.com

---

**VIA ELECTRONIC NOTIFICATION**

Russell Petti, Esq.                     Attorneys for Renee Dunbar a.k.a.
Law Offices of Russell Petti            Renee Beal, Peter Dunbar,
466 Foothill Blvd. # 389                Adrian Pereira, Elton Pereira,
La Canada, California 91011             Jason-Leo Carvalho and Paretologic, Inc.
Tel: (818) 952-2168
Fax: (818) 952-2186
email:  Rpetti@petti-legal.com

5

**NOTICE OF ERRATA RE COURT CAPTION DESIGNATION**
**Case No. C06-02306 MMC**

1   Konrad L. Trope, Esq. SBN 133214
    **Novo Law Group, P.C.**
2   University Tower
    4199 Campus Drive, Suite 550
3   Irvine, California 92612
    (949) 509-6531 (tel)
4   (949) 509-6532 (fax)

5   Attorneys for Plaintiff Pacific Information Resources, Inc.

6

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                       **IN AND FOR THE COUNTY OF ORANGE**

9                              **CENTRAL JUSTICE CENTER**

10

11  Pacific Information Resources, Inc.,          )   **CASE NO. C06-02306 MMC**
                                                  )
12                        Plaintiff,              )   **[Before the Honorable Maxine M.**
                                                  )   **Chesney]**
13              vs.                               )
                                                  )   **THIRD AMENDED COMPLAINT FOR**
14  DIANA MUSSELMAN, individually; DOE 1          )   **DAMAGES, INJUNCTIVE RELIEF,**
    d/b/a DATAHOUNDDETECTIVE.COM;                 )   **ATTORNEYS' FEES, LITIGATION**
15  RENEE DUNBAR, individually; ADRIAN            )   **FEES, OTHER RELIEF, AND JURY**
    PEREIRA, as an individual; ELTON              )   **DEMAND**
16  PEREIRA, as an individual; JASON-LEO          )
    CARVALHO, as an individual;                   )   **(1)      Direct Violation of Electronic**
17  PARETOLOGIC, INC., a British Columbia,        )   **Communications Privacy Act, 18 U.S.C. §§**
    Canada corporation; ALEXEI BORISOV, as an     )   **2301, et. seq.**
18  individual; LEVON GASPARIAN, as an            )   **(2)      Vicarious Violation of Electronic**
    individual; AIRON CORP., a Massachusetts      )   **Communications Privacy Act, 18 U.S.C. §§**
19  corporation; ROSSON VENTURES, LLC;            )   **2301, et. seq.**
    LINDA K. ROSSON, as an individual;            )   **(3)      Contributory Violation of**
20  MATTHEW ROSSON, as an individual;             )   **Electronic Communications Privacy Act,**
    BERRY T. ROSSON, as an individual;            )   **18 U.S.C. § 2301, et. seq.**
21  MEDIACHOICE, INC., an Arizona corporation     )   **(4)      Direct Violation of Computer**
    d/b/a www.media-choice.com; ARNOLD E.         )   **Fraud and Abuse Act, 18 U.S.C. §§ 1030,**
22  KUENN, individually; ANDREA KUENN,            )   **et. seq.  (exceeding authorized use);**
    individually; PETER DUNBAR; AND DOES          )   **(5)      Contributory Violation of**
23  10 through 100, inclusive, WHOSE              )   **Computer Fraud and Abuse Act, 18 U.S.C.**
    IDENTITIES ARE UNKNOWN,                       )   **§§ 1030, et. seq.;**
24                                                )   **(6)      Vicarious Violation of Computer**
                          Defendants.             )   **Fraud and Abuse Act, 18 U.S.C. §§ 1030,**
25  _____          **et. seq.;**
                                                      **(7)      Direct Copyright Infringement of**
26                                                    **Website, 17 U.S.C. §§ 101, et. seq.;**

27                                             1
    _____
                       **THIRD AMENDED COMPLAINT**
28                                          **CASE NO. C06-02306 MMC**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(8)  **Contributory Copyright Infringement of Website,** *17 U.S.C. §§ 101, et. seq.*;

(9)  **Vicarious Copyright Infringement of Website,** *17 U.S.C. §§ 101, et. seq.*;

(10)  **Direct Copyright Infringement of Source Code,** *17 U.S.C. §§ 101, et. seq.*;

(11)  **Contributory Copyright Infringement of Source Code,** *17 U.S.C. §§ 101, et. seq.*;

(12)  **Vicarious Copyright Infringement of Source Code,** *17 U.S.C. §§ 101, et. seq.*;

(13)  **Direct Violation of Digital Millennium Copyright Act,** *17 U.S.C. §§ 1201 et seq.*;

(14)  **Contributory Violation of Digital Millennium Copyright Act,** *17 U.S.C. §§ 1201 et seq.*;

(15)  **Vicarious Violation of Digital Millennium Copyright Act,** *17 U.S.C. §§ 1201 et seq.*;

(16)  **Direct Infringement of Unregistered Service Marks: Lanham Act,** *15 U.S.C. § 1051*;

(17)  **Contributory Infringement of Unregistered Service Marks: Lanham Act,** *15 U.S.C. § 1051*;

(18)  **Vicarious Infringement of Unregistered Service Marks,** *15 U.S.C. § 1051*;

(19)  **Direct Infringement of Registered Mark: Lanham Act,** *15 U.S.C. § 1125*;

(20)  **Contributory Infringement of Registered Service Marks: Lanham Act,** *15 U.S.C. § 1125*;

(21)  **Vicarious Infringement of Registered Service Marks: Lanham Act,** *15 U.S.C. § 1125*;

(22)  **False Designation of Origin/False Advertising,** *15 U.S.C. § 1125*;

(23)  **False Endorsement Under Lanham Act,** *15 U.S.C. § 1125(a)*;

(24)  **Trade Name Infringement Under Lanham Act,** *15 U.S.C. § 1125(a)*;

(25)  **Trade Dress Infringement Under Lanham Act,** *15 U.S.C. § 1125(a)*;

(26)  **Infringement of Unregistered Service Mark,** *Cal. Bus. & Code § 14330*;

(27)  **State Statutory Trade Name Infringement,** *Cal. Bus. §§ 14400, 14402*;

2

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

**(28)    State Statutory Service Mark Dilution, *Cal. Bus. & Code § 14330*;**
**(29)    Common Law Unfair Competition;**
**(30)    Common Law Misappropriation;**
**(31)    Common Law Conversion;**
**(32)    False Advertising, *California Bus. & Prof Code § 17500*;**
**(33)    Interference With Prospective Economic Advantage;**
**(34)    Unjust Enrichment and Imposition of Constructive Trust;**
**(35)    Unfair Competition Under Lanham Act, *15 U.S.C. § 1125*;**
**(36)    Dilution of Service Mark Under Lanham Act, *15 U.S.C. § 1125*;**
**(37)    Direct Violation of Anticybersquatting Consumer Protection Act, *15 U.S.C. §§ 1125, et. seq.* (domain name infringement);**
**(38)    Contributory Violation of Anticybersquatting Consumer Protection Act, *15 U.S.C. §§ 1125, et. seq.*;**
**(39)    Vicarious Violation of Anticybersquatting Consumer Protection Act, *15 U.S.C. §§ 1125, et. seq.*;**
**(40)    Misappropriation of Proprietary and Confidential Business Information (Trade Secrets), *15 U.S.C. § 1125(a)*;**
**(41)    Misappropriation of Trade Secrets, *Cal. Civ. Code § 3426.1*;**
**(42)    Unfair Competition, *California Bus. & Prof. Code § 17200*.**

## JURISDICTION AND VENUE

1.    Plaintiff Pacific Information Resources, Inc. ("Pacific Information Resources") brings this civil action pursuant to the Copyright Act of 1976, as amended, *17 U.S.C. § 101 et seq.*; the Digital Millennium Copyright Act, *17 U.S.C. § 1201 et seq.*; and the Anticybersquatting Consumer Protection Act, *15 U.S.C. §§ 1125, et. seq.*; the Lanham Act as codified at *15 U.S.C. §§ 1125, 1051*; and the Computer Fraud and Abuse Act, *18 U.S.C. § 1030, et. seq.*  This Court has jurisdiction over the subject matter of this action pursuant to *28 U.S.C. § 1331, 28 U.S.C. § 1338(a)*.  This Court also has supplemental jurisdiction over all other claims that do not arise under a federal statute in that these supplemental claims are so related to the claims in the action

within such original jurisdiction of this Court they form part of the same case or controversy under Article III of the United States Constitution pursuant to *28 U.S.C. § 1367*.

2.   Venue is proper in this district pursuant to *28 U.S.C. § 1391* inasmuch as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

3.   Pursuant to Civil Local Rule 3-2(c) of this Court, this action should be assigned to the San Jose Division of this Court.  Pacific Information Resources is informed and believes and thereon alleges that a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

4.   Plaintiff is a California corporation with its principal place of business located in Newbury Park, City of Thousand Oaks, County of Ventura.

5.   Defendant DIANA MUSSELMAN d/b/a COURTSONLINE.ORG is a resident of the State of Ohio.

6.   Plaintiff is informed and believes and thereon alleges that Defendant DOE 1 d/b/a DATAHOUNDDETECTIVE.COM is either a resident of a state of the United States or a corporation or other form of business organization existing under and pursuant to the laws of a state of the United States.

7.   Defendant RENEE DUNBAR d/b/a INTERNET RESEARCH ESSENTIALS and also d/b/a INSTANTDETECTIVE.NET and also INSTANTDECTECTIVE.COM is a resident of the State of Vermont.

8.   Defendant PARETOLOGIC, INC. d/b/a RECORDSREGISTRY.COM is a corporation incorporated under and pursuant to the laws of British Columbia, Canada, with its principal place of business in Victoria, British Columbia, Canada.  Defendants ADRIAN

---

4

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

PEREIRA, ELTON PEREIRA and JASON-LEO CARVALHO are individuals resident in British Columbia, Canada.

9.     Defendant AIRON CORP. d/b/a WEBINVESTIGATOR.ORG; BACKGROUNDRECORDS.ORG; BARGAINSHERLOCK.COM; CIVILFILES.COM; CREDITHISTORY.ORG; COURTRECORDS.ORG; CRIMINALFILES.ORG; ELIMIWARE.COM; INVESTIGATE123.COM; LEGALFILES.ORG; LIVEMP3DOWNLOADS.COM; LOCATECLASSMATES.ORG; LOCATEPEOPLE.ORG; REPOAUTOS.ORG; REPOJEWELRY.COM; REVERSEGENIE.COM; REVERSERECORDS.ORG; RMVRECORDS.ORG; SEARCHPUBLICRECORDS.ORG; SEIZEDELECTRONICS.COM; SEIZEDREALESTATE.COM; STATEAUCTIONS.ORG; UNCLAIMEDTICKETS.COM; RESTRICTEDONLY.COM; AND CISWORLDWIDE.COM is a corporation incorporated under and pursuant to the laws of a governmental sub-division of the State of Massachusetts, with its principal place of business located in Boston, Massachusetts.

10.     Defendant ALEXEI BORISOV is an individual resident in the State of Massachusetts; and Defendant LEVON GASPARIAN is an individual resident in the State of Massachusetts.

11.     Defendant ROSSON VENTURES, LLC d/b/a WEBSHERLOCK.COM is a Nebraska limited liability company with its principal place of business in Lincoln, Nebraska.

12.     Defendants LINDA K. ROSSON, MATTHEW ROSSON, and BARRY T. ROSSON are residents of the State of Nebraska.

13.     Doe Defendant 4, who was served on or about August 22, 2006 with Plaintiff's First Amended Complaint, should now be identified as MEDIACHOICE, INC., an Arizona corporation, doing business as www.mediachoice.com.

14.     Doe Defendant 5, who was served on or about August 22, 2006 with Plaintiff's First Amended Complaint, should now be identified as ARNOLD E. KUENN, an individual who is a resident of the State of Arizona.  Plaintiff is informed, believes and thereon alleges that

Arnold E. Kuenn is an officer and director of Defendant Mediachoice, Inc. d/b/a www.mediachoice.com.

15.  Doe Defendant 6, who was served on or about August 22, 2006 with Plaintiff's First Amended Complaint, should now be identified as ANDREA KUENN, an individual who is a resident of the State of Arizona.  Plaintiff is informed, believes and thereon alleges that Andrea Kuenn is an officer and director of Defendant Mediachoice, Inc., d/b/a/ www.mediachoice.com.

16.  Doe Defendant 9, who was served on or about August 28, 2006 with Plaintiff's First Amended Complaint, should now be identified as PETER DUNBAR, an individual who is a resident of the State of Vermont.  Plaintiff is informed, believes and thereon alleges that Peter Dunbar has been doing business as Internet Research Essentials, instantdetective.net and instantdective.com.

17.  The true names and capacities of the Defendants sued in this Complaint as DOES 10 through 100, inclusive, whether individual, corporate, associate, or otherwise, presently are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to set forth the true names and capacities of DOES 10 through 100, inclusive, when they have been ascertained, or at the time of trial herein.  Plaintiff is informed, believes, and thereon alleges that each of such fictitiously named Defendants participated in some manner in the events or occurrences referred to hereinafter, and/or proximately caused the damages complained of herein.

18.  Plaintiff is informed, believes and thereon alleges that, at all times herein mentioned, each of the Defendants (including, inter alia, the fictitiously named Defendants) was the agent, servant or employee of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the scope of his, her or its actual, apparent or ostensible authority as such agent, servant or employee, and with the permission and consent of each such co-Defendant.

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19.     Plaintiff owns and operates the website located at www.searchsystems.net (the "WEBSITE").  Plaintiff has registered two copyrights concerning the WEBSITE.  One registration, bearing Registration No. TX 6-275-368 protects the text of the WEBSITE, bearing the URL www.searchsystems.net.  In addition, Plaintiff has a copyright registration, bearing Registration No. TX 6-275-367 which protects the PHP Hyper Text Processor source code of the WEBSITE.  True and correct copies of the copyright registrations are attached hereto and incorporated herein as *Exhibit "1"*.  Plaintiff also has a registration from the United States Patent and Trademark Office for its service mark consisting of the word mark "search systems" within a design or drawing bearing USPTO Trademark Registration No. 2019094 (the "SERVICE MARK").  A true and correct copy of this registration for Plaintiff's registered SERVICE MARK is attached hereto and incorporated herein as *Exhibit "2."*  In addition, Plaintiff has continuously, for the preceding five years, at the very least, continuously and openly used variations on its registered SERVICE MARK, but such variations, while not registered, have acquired secondary meaning and thus are protected as more fully described herein.  Plaintiff's registered SERVICE MARK and unregistered service marks are collectively hereinafter referred to as the "SERVICE MARKS".  The unregistered but protected SERVICE MARKS of Plaintiff include, but are not limited to, the terms:  "searchsystems", "searchsystems.net".

20.     Plaintiff's business is providing members of the public with access to the public records maintained by various federal, state and local governmental agencies.  The applicable governmental agency typically maintains those records in some kind of a searchable database.  Those individual databases aggregate a variety of business information, including items such as: corporate filings, criminal and civil court filings, vital records, property records, unclaimed property, professional licenses, bankruptcies, judgments, tax liens, and various other matters compiled from public records.

7

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

21.     Until the WEBSITE commenced operations in 1997, it was not possible to search for individual results simultaneously across a multitude of databases.  As a result, a member of the public attempting to locate a particular piece of information would have to laboriously search each one of thousands of individual databases.  Plaintiff developed the technology, which is implemented on the WEBSITE, to search all of these constituent databases, simultaneously.

22.     Rather than speculating as to the availability of a desired public record, or where to locate it on the Internet, a user simply can log on to Plaintiff's website, and have access to all of the publicly-available information that exists, and that is indexed and cross-referenced on the WEBSITE.  Furthermore, the user avoids the cumbersome necessity, with attendant time and cost constraints, of consulting each one of the individual databases, if more than one of them potentially contains the desired information.

23.     In order to accomplish this outcome, Plaintiff has developed a proprietary "search" computer program that enables a user to search for particular records, whereby the user executes a "global" search of all of the thousands of databases indexed and cataloged by Plaintiff, by entering key search terms and parameters.  Coupled with the search feature is a "link" feature that enables a user to "click" on the content description for an individual database, the existence of which was disclosed by the search, whereupon the user automatically is re-directed to that database.

24.     Plaintiff now provides the public with access to over 35,821 linked individual databases, comprising billions of public records.  Before linking a new database to the WEBSITE, Plaintiff evaluates each database for content and usefulness.  Plaintiff also authors a complete description of the database, so as to facilitate its identification and use.

25.     Plaintiff has been "on line" since the dawn of the Internet in 1997, and the WEBSITE has been extremely successful.  In fact, the WEBSITE now is the primary "entry" portal for access to free public records on the Internet.  Indeed, Plaintiff has expended millions of dollars with financial resources and countless hours of time, effort, and energy in developing,

1    operating and promoting the WEBSITE.  Moreover, similar features of the WEBSITE,

2    previously identified above, have required an extraordinary expenditure associated with the

3    research and development of these features as part of maintaining, improving and updating the

4    WEBSITE.

5        26.    As a reflection of the reputation and success of the WEBSITE, numerous

6    publications have reviewed, praised and identified the WEBSITE as a major or the definitive

7    website for access to free public records on the Internet.  These publications and articles

8    encompass the period 1998 to present with recent articles in The New York Times describing the

9    WEBSITE in very positive terms in articles published on November 5 and November 13, 2005.

10   See true and correct copies of The New York Times articles concerning Plaintiff's WEBSITE

11   attached hereto and incorporated herein as *Exhibit "3."*

12       27.    In addition, other publications have, over the years, repeatedly praised the

13   WEBSITE:  Yahoo Internet Life magazine named the WEBSITE in July, 2002 as one of the

14   Internet's "50 most incredibly useful sites"; PC World named the WEBSITE in February, 2003 as

15   one of "the most useful sites ever"; the Wall Street Journal on September 15, 2003 called the

16   WEBSITE "one of the best"; and recently as March 16, 2006 Poynter Online, a website devoted

17   to journalists and providing resources to them, described the WEBSITE as a resource enabling

18   journalists "to enrich stories and dig deeper."  In addition, another publication devoted to

19   journalism, The Columbia Journalism Review, in July, 2003 described the WEBSITE as "the

20   best site for finding public records."  See true and correct copies of articles concerning Plaintiff's

21   WEBSITE attached hereto and incorporated herein as *Exhibit "4."*

22       28.    Moreover, the WEBSITE has consistently been ranked by various Internet search

23   engines such as Google, Yahoo, MSN and AOL as the "number 1" database for public records,

24   over the past five years.  The WEBSITE is the first listing to appear after a search for the phrase

25   "public records" when using the above-listed search engines.

26

27                  9

             **THIRD AMENDED COMPLAINT**

28                     **CASE NO. C06-02306 MMC**

29.     Plaintiff has certainly since 2001, if not earlier, openly posted on its WEBSITE a section known as "Terms of Service" ("TOS") which essentially, inter alia binds the user of the WEBSITE to the Terms of Service otherwise the potential user is not authorized to access the WEBSITE.  As part of the TOS, the following are defined:  acceptable usage of the WEBSITE, use of the WEBSITE limited to personal use, hyperlinking being prohibited, limits on advertising, appropriate copyright and SERVICE MARKS notices, as well as disclaimer of warranties, limitation of liability, and choice of law.  A true and correct copy of the TOS is attached hereto and incorporated herein as *Exhibit "5."*

30.     There came a time (within the expiration of any applicable statute of limitations) when Defendants, and each of them, embarked upon a scheme to copy the "source code" comprising the computer program that runs the WEBSITE.  That source code presently is written in PHP, which stands for "PHP":  "Hypertext Processor" ("PHP").  PHP is a programming language used for developing dynamic web content, whereby the WEBSITE's content is updated seamlessly and continuously in real time as new or additional records are attached to the thousands of databases accessed through the WEBSITE, such as that found on the WEBSITE.

31.     When Plaintiff originally developed the WEBSITE hosted at EarthLink in 1996 and the subsequent website at www.pac-info.com (released in 1998) the WEBSITE was designed in HTML which stands for "Hyper Text Markup Language".  Moreover at the time the WEBSITE did not have any technical protocols or technological protocols to guard from theft.

32.     As Plaintiff became aware that sites of Defendants such as publicrecordfinder.com had copied Plaintiff's HTML pages, Plaintiff commenced developing a new WEBSITE that was programmed in PHP in 2001.  Plaintiff's revised deployment of its website in PHP was an unequivocal attempt by Plaintiff to repel the various Defendants' "copying" incursions onto the WEBSITE.  Each link destination as written and programmed in PHP for the WEBSITE, was entered into Plaintiff's database in a manner so that if and when Defendants or others tried to

copy Plaintiff's WEBSITE pages, they would find Link ID's corresponding to the link in Plaintiff's database but not the ultimate URL (Uniform Resource Locator).

33.    Plaintiff's programming changes from HTML to PHP were incorporated into a new WEBSITE and web pages at www.searchsystems.net and released in 2001.  The prior programming located at pac-info.com was discontinued and all traffic to www.pac-info.com was forwarded to www.searchsystems.net.

34.    In or about 2005, Plaintiff became aware that some party or parties had gone through and copied the content of Plaintiff's WEBSITE and had gone through the diligent and intentional effort of determining the location of each URL for each coded link in Plaintiff's website.  In other words, these parties deliberately and intentionally circumvented the various technological measures deployed by Plaintiff that effectively controlled access to the Database contained within the WEBSITE.

35.    Plaintiff in and about April, 2005 then changed the WEBSITE again and released a new version of the WEBSITE at www.searchsystems.net which is now a "framed" WEBSITE so that even if a party determined to circumvent the technological measures deployed by Plaintiff that effectively control access to the Database, the URL for a particular link is hidden by the frame.  Plaintiff has also instituted a system in which the Database Link ID is hidden by a programming system called "MD5" which is a "hash" algorithm that creates a random stream of letters and numbers.  Thus, anyone that clicks on to Plaintiff's website now will see the random MD5 code rather than the numbered Link ID for a particular Database.  Nevertheless, the acts of theft and infringement and fraud committed by Defendants as described hereinabove still continues to this day as more fully described herein below.

36.    Since April, 2005, Defendants, and each of them, have invaded the WEBSITE, whereby they each have successfully circumvented the technological measures deployed by Plaintiff to protect Plaintiff's copyrighted works, including, but not limited to inter alia Plaintiff's source code and Plaintiff's proprietary layout, design and organization of the data and links.

11

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

37.     Defendants, and each of them, since April, 2005 circumvented the codes Plaintiff developed to mask the public Universe Resource Locators of all of the links to the thousands of public databases Plaintiff had established comprising the WEBSITE.  Because of the unique syntax and semantics of those links, Plaintiff has been able to determine that they are in fact the links written by Plaintiff, as opposed to any original creation of Defendants, or any of them. Furthermore, Defendants, and each of them, copied inter alia:  (1) Plaintiff's selection of pertinent links; (2) Plaintiff's scheme of organization for the links; (3) the categories into which the links are organized; (4) and the actual original descriptions that Plaintiff authored to describe each link, and (5) the database to which it directed the user.

38.     A potential user can perform a basic search on the WEBSITE at no charge. Plaintiff monetizes the WEBSITE by charging a premium for advanced services, such as a shorter waiting time to access information.  Defendants, and each of them, on the other hand, charge a potential user for access to even rudimentary information.  Shortly after Defendants, and each of them, commenced their illegal pirating of Plaintiff's WEBSITE, Plaintiff was inundated with complaints from persons who had paid for access to one of Defendants' sites, but who thought they were accessing the WEBSITE (i.e., Plaintiff's WEBSITE).  This in turn lead to considerable discussion of the WEBSITE in various on-line forums, which are and have become even more influential in determining the behavior and selections made by Internet users.

39.     Many of the remarks pertaining to the WEBSITE were adverse, and Plaintiff was required to devote considerable time, money, energy and expertise to maintaining its business relationships with its existing customers, and to fortify the potential economic advantages it anticipated deriving by transacting with future customers.  The sort of "negative feedback" that Plaintiff received as a result of Defendants unlawful activity is particularly ominous for a company such as Plaintiff, which depends for its economic sufficiency and vitality upon the goodwill and continued patronage of its customers.  And, given the persistency of feedback loops

such as those that are developing on the Internet, even a few negative recommendations have the potential to wreak devastating consequences.

## FIRST CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees and Litigation Costs, and Other Relief under the Electronic Communications Privacy Act, *18 U.S.C. §§ 2701 et seq.* - Against All Defendants)**

40.     Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 39 above.

41.     Plaintiff maintains the WEBSITE under an IP (Internet Protocol) address (www.searchsystems.net) that is remotely accessible using standard, commercially available software.  Commencing upon a date that presently is unknown to Plaintiffs but that is prior to the expiration of any applicable statute of limitations, and continuing to the present, Defendants, and each of them, used the Internet to gain access to the WEBSITE, using IP addresses traceable to Defendants.

42.     Upon gaining access to the WEBSITE, Defendants, and each of them, copied various elements comprising the WEBSITE, including (but not limited to) Plaintiff's HTML and PHP source code (the "SOURCE CODE").

43.     The data elements comprising the WEBSITE that were accessed by Defendants, and each of them, are proprietary, confidential, and highly sensitive information of Plaintiff.

44.     Defendants, and each of them, were not authorized to access any of this information.

45.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, intentionally accessed without authorization a facility through which an electronic communications service is provided, and thereby obtained, altered or prevented authorized access to an electronic communication while it was in electronic storage in such system, in violation of *18 U.S.C. § 2701(a)*.

---

13
**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

46.     Plaintiff is informed, believes and thereon alleges that the information Defendants, and each of them, took from Plaintiff, is being used by them to compete unfairly with Plaintiff.

47.     Plaintiff is informed, believes and thereon alleges that the conduct constituting the violations alleged herein was committed for purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. § 2701(b)*.

48.     Plaintiff further is informed, believes and thereon alleges that the conduct constituting the violations alleged herein was engaged in by Defendants, and each of them, with a knowing or intentional state of mind, and that it was willful or intentional.

49.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

50.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

14

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

**SECOND CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under the Electronic Communications Privacy Act, *18 U.S.C. §§ 2301, et. seq.* -Contributory Liability Against All of the Individual Defendants)**

51. Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 50 above.

52. The individual Defendants have knowledge of the illegal and otherwise infringing activities described herein. Indeed, the individual Defendants induced, caused or materially contributed to the illegal or infringing conduct of the corporate Defendants named herein. These individual Defendants are corporate officers of the corporate Defendants and thus are moving, active, conscious forces behind the corporate Defendants' illegal actions.

53. Individual Defendants, Adrian Pereira, Elton Pereira and Jason-Leo Carvalho are corporate officers of Defendant Paretologic, Inc. and in their capacity as corporate officers are the moving, active conscious forces behind Defendant Paretologic, Inc.'s illegal actions described herein.

54. Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

55. Individual Defendants Alexei Borisov and Levon Gasparian are corporate officers of Defendant Airon Corporation. In their capacities as officers of corporate Defendant Airon Corporation, they had or have knowledge of the infringing activity of Airon, thus inducing, causing or materially contributing to the infringing conduct of Defendant Airon Corporation. As corporate officers of Defendant Airon, Defendants Borisov and Gasparian are the moving, active conscious forces behind Airon's illegal activities described herein and it is immaterial whether these individuals are aware that their acts would result in the illegal activities including but not limited to infringement described herein. Indeed Plaintiff is informed and believes and thereon alleges that the individual Defendants knowingly engaged in personal conduct that encourages or

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

1  assists the past and present illegal conduct of Defendant Airon Corporation described herein.

2  Moreover, the individual Defendants Borisov and Gasparian Plaintiff is informed and believes

3  and thereon alleges had actual knowledge or reason to know of the infringing and illegal

4  activities of Airon Corporation.

5        56.    Individual Defendants Linda K. Rosson, Matthew Rosson and Barry T. Rosson

6  are controlling members or managers of the corporate Defendant Rosson Ventures, LLC.

7  Plaintiff is informed and believes and thereon alleges that the individual Rosson Defendants have

8  knowledge of the illegal activities of Rosson Ventures, LLC whereby the individual Rosson

9  Defendants induce, cause and materially contribute to the illegal conduct of Defendant Rosson

10  Ventures, LLC in that the individual Rosson Defendants are the moving, active conscious forces

11  behind the illegal activities of Rosson Ventures, LLC.

12        57.    Plaintiff is informed and believes and thereon alleges that the Rosson Defendants

13  engage in personal conduct that encourages or assists the illegal activities of corporate Defendant

14  Rosson Ventures, LLC.

15        58.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of

16  the individual Defendants named herein materially induced, caused or contributed to the illegal

17  conduct of the corporate Defendants described herein, and each of the individual Defendants,

18  with a knowing or intentional state of mind, contributed to the conduct constituting the illegal

19  violations alleged herein by the corporate Defendants.

20        59.    Plaintiff is therefore informed and believes and thereon alleges that the

21  information Defendants, each of them, took from Plaintiff is being used by them to compete

22  unfairly with Plaintiff.

23        60.    Plaintiff is therefore informed and believes and thereon alleges that the conduct

24  constituting violations alleged herein is committed for the purposes of commercial advantage,

25  malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. § 2701(b)*.

26

27  16
**THIRD AMENDED COMPLAINT**

28  **CASE NO. C06-02306 MMC**

61. Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

62. Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base. Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources. Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## THIRD CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under the Electronic Communication Privacy Act, *18 U.S.C. §§ 2301, et. seq.* - Vicarious Liability Against All of the Individual Defendants)**

63. Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 62 above.

64. Assuming, *arguendo*, that the individual Defendants named herein did not have actual or direct knowledge of the illegal activity of the corporate Defendants, the individual Defendants named herein are vicariously liable for the violation of *18 U.S.C. §§ 2301, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the corporate Defendants.

17

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

65.     Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein have the right and abilities to supervise the illegal activity and also have a direct financial interest in the activities of the corporate Defendants in which they are affiliated or controlled as an officer or principal shareholder or member or manager.

66.     Plaintiff is informed, believes and thereon alleges that the conduct constituting the illegal activity alleged hereon was committed for the purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. § 2701(b)*.

67.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

68.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**FOURTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under the Computer Fraud and Abuse Act, *18 U.S.C. §§ 1030 et. seq.* - Against All Defendants)**

69.     Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 68 above.

18

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

70.   Plaintiff uses its computers in interstate commerce or communication and such computers therefore were "protected computers" within the meaning of *18 U.S.C. § 1030(e)(2)(B)*.

71.   Defendants, and each of them, intentionally accessed Plaintiff's computers without authorization and thereby obtained information from a protected computer involved in an interstate communication, in violation of *18 U.S.C. § 1030(a)(2)*.

72.   Defendants, and each of them, intentionally, without authorization, accessed Plaintiff's computers, which computers are used  by and for the Government of the United States and such conduct affects that use by or for the Government of the United States, in violation of *18 U.S.C. § 1030 (a)(3)*.

73.   Defendants, and each of them, knowingly caused the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caused "damage" (as that term is used at *18 U.S.C. § 1030(e)(8)(A)* without authorization, to a protected computer, in violation of *18 U.S.C. § 1030(5)(A)*.

74.   Defendants, and each of them, further intentionally accessed a protected computer without authorization, and as a result of such conduct, recklessly caused damage to Plaintiff, in violation of *18 U.S.C. § 1030(a)(5)(B)*.

75.   Defendants, and each of them, further intentionally accessed a protected computer without authorization, and as a result of such conduct, caused damage to Plaintiff, in violation of *18 U.S.C. § 1030(a)(5)(C)*.

76.   Defendants, and each of them, further knowingly, trafficked in passwords or similar information through which a computer may be accessed without authorization, and such trafficking affected interstate commerce, in violation of *18 U.S.C. § 1030(a)(6)(A)*.

77.   Defendants, and each of them, further attempted to commit all of the offenses alleged at paragraphs 30, 32, 34, 35, 36, 37 and 38, inclusive, in violation of *18 U.S.C. § 1030(b)*.

78.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

79.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## FIFTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under the Computer Fraud and Abuse Act, *18 U.S.C. §§ 1030 et seq.* - Contributory Liability Against All of the Individual Defendants)**

80.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 79 above.

81.    The individual Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the individual Defendants induced, caused or materially contributed to the illegal or infringing conduct of the corporate Defendants named herein.  These individual Defendants are corporate officers of the corporate Defendants and thus are the moving, active conscious forces behind the corporate Defendants' illegal actions.

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

82. Individual Defendants, Adrian Pereira, Elton Pereira and Jason-Leo Carvalho are corporate officers of Defendant Paretologic, Inc. and in their capacity as corporate officers are the moving, active conscious forces behind Defendant Paretologic, Inc.'s illegal actions described herein.

83. Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

84. Individual Defendants Alexei Borisov and Levon Gasparian are corporate officers of Defendant Airon Corporation. In their capacities as officers of corporate Defendant Airon Corporation, they had or have knowledge of the infringing activity of Airon, thus inducing, causing or materially contributing to the infringing conduct of Defendant Airon Corporation. As corporate officers of Defendant Airon, Defendants Borisov and Gasparian are the moving, active conscious forces behind Airon's illegal activities described herein and it is immaterial whether these individuals are aware that their acts would result in the illegal activities including but not limited to infringement described herein. Indeed Plaintiff is informed and believes and thereon alleges that the individual Defendants knowingly engaged in personal conduct that encourages or assists the past and present illegal conduct of Defendant Airon Corporation described herein. Moreover, the individual Defendants Borisov and Gasparian Plaintiff is informed and believes and thereon alleges had actual knowledge or reason to know of the infringing and illegal activities of Airon Corporation.

85. Individual Defendants Linda K. Rosson, Matthew Rosson and Barry T. Rosson are controlling members or managers of the corporate Defendant Rosson Ventures, LLC. Plaintiff is informed and believes and thereon alleges that the individual Rosson Defendants had or have knowledge of the illegal activities of Rosson Ventures, LLC whereby the individual Rosson Defendants induced, caused and materially contributed to the illegal conduct of Defendant Rosson Ventures, LLC in that the individual Rosson Defendants are the moving, active conscious forces behind the illegal activities of Rosson Ventures, LLC.

86. Plaintiff is informed and believes and thereon alleges that the Rosson Defendants engage in personal conduct that encourages or assists the illegal activities of corporate Defendant Rosson Ventures, LLC.

87. Plaintiff is therefore informed and believes and thereon alleges that the conduct of the individual Defendants named herein materially induced, caused or contributed to the illegal conduct of the corporate Defendants described herein, and each of the individual Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the corporate Defendants.

88. Plaintiff is therefore informed and believes and thereon alleges that the conduct constituting violations alleged herein was committed for the purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. §§ 2701(b), 1030*.

89. Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

90. Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base. Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources. Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**SIXTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs and Other Relief under the Computer Fraud and Abuse Act, *18 U.S.C. § 1030 et seq.* - Vicarious Liability - Against All of the Individual Defendants)**

91.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 90 above.

92.    Assuming, *arguendo*, that the individual Defendants named herein did not have actual or direct knowledge of the illegal activity of the corporate Defendants, the individual Defendants named herein are vicariously liable for the violation of *18 U.S.C. §§ 1030, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the corporate Defendants.

93.    Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein have the right and abilities to supervise the illegal activity and also have a direct financial interest in the activities of the corporate Defendants in which they are affiliated or controlled as an officer or principal shareholder or member or manager.

94.    Plaintiff is informed, believes and thereon alleges that the conduct constituting the illegal activity alleged hereon was committed for the purposes of commercial advantage, malicious destruction or damage, or private commercial gain, in violation of *18 U.S.C. §§ 1030, et. seq.*

95.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

96.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**SEVENTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under the Copyright Act, *17 U.S.C. § 101 et seq.* - Unauthorized Reproduction, Distribution and Display of Literary Work - Against All Defendants)**

97.     Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 96 above.

98.     Plaintiff created and wrote the original literary text that appears at its website located at www.searchsystems.net.  That text comprises material wholly original with Plaintiff, and is copyrightable subject matter under the laws of the United States.  Plaintiff secured the exclusive rights and privileges in and to the copyright text on the WEBSITE, and received from the Register of Copyrights a certificate of registration, dated and identified as follows:  February 9, 2006, Registration No. TX 6-275-368.  Plaintiff at all relevant times has been and still is the sole proprietor of all right, title and interest in and to the copyright described above.

99.     At all times pertinent hereto, Plaintiff duly has complied with all of the provisions of the Copyright Laws of the United States applicable to the text elements of Plaintiff's website. Plaintiff is the proprietor of the statutory copyright in and to the text elements appearing at its website, and duly is possessed of all rights, title and interests therein.

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

100.     Plaintiff is informed, believes and thereon alleges that, commencing upon a date presently unknown to Plaintiff, but within the applicable statute of limitations period, Defendants, and each of them, infringed Plaintiff's statutory copyright in and to the text elements appearing at Plaintiff's website, by reproducing, distributing and displaying copies of such text elements.

101.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

102.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**EIGHTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under the Copyright Act, *17 U.S.C. § 101 et. seq.* - Contributory Liability for Unauthorized Reproduction, Distribution and Display of Literary Work - Against All of the Individual Defendants)**

103.     Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 102 above.

25

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

104.    The individual Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the individual Defendants induced, caused or materially contributed to the illegal or infringing conduct of the corporate Defendants named herein.  These individual Defendants are corporate officers of the corporate Defendants and thus are the moving, active conscious forces behind the corporate Defendants' illegal actions.

105.    Individual Defendants, Adrian Pereira, Elton Pereira and Jason-Leo Carvalho are corporate officers of Defendant Paretologic, Inc. and in their capacity as corporate officers are the moving, active conscious forces behind Defendant Paretologic, Inc.'s illegal actions described herein.

106.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

107.    Individual Defendants Alexei Borisov and Levon Gasparian are corporate officers of Defendant Airon Corporation.  In their capacities as officers of corporate Defendant Airon Corporation, they had or have knowledge of the infringing activity of Airon, thus inducing, causing or materially contributing to the infringing conduct of Defendant Airon Corporation.  As corporate officers of Defendant Airon, Defendants Borisov and Gasparian are the moving, active, conscious forces behind Airon's illegal activities described herein and it is immaterial whether these individuals are aware that their acts would result in the illegal activities including but not limited to infringement described herein.  Indeed Plaintiff is informed and believes and thereon alleges that the individual Defendants knowingly engaged in personal conduct that encourages or assists the past and present illegal conduct of Defendant Airon Corporation described herein.  Moreover, the individual Defendants Borisov and Gasparian Plaintiff is informed and believes and thereon alleges had actual knowledge or reason to know of the infringing and illegal activities of Airon Corporation.

108.    Individual Defendants Linda K. Rosson, Matthew Rosson and Barry T. Rosson are controlling members or managers of the corporate Defendant Rosson Ventures, LLC.

1  Plaintiff is informed and believes and thereon alleges that the individual Rosson Defendants had

2  or have knowledge of the illegal activities of Rosson Ventures, LLC whereby the individual

3  Rosson Defendants induce, cause and materially contribute to the illegal conduct of Defendant

4  Rosson Ventures, LLC in that the individual Rosson Defendants are the moving, active conscious

5  forces behind the illegal activities of Rosson Ventures, LLC.

6      109.   Plaintiff is informed and believes and thereon alleges that the Rosson Defendants

7  engage in personal conduct that encourages or assists the illegal activities of corporate Defendant

8  Rosson Ventures, LLC.

9      110.   Defendants, and each of them, in performing the conduct complained of herein,

10  acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

11  Defendants, and each of them, are therefore guilty of malice and oppression in conscious

12  disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

13  punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

14  amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

15      111.   Defendants have engaged in, continue to engage in, and unless restrained, will

16  continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

17  suffer great and irreparable injury, for which damages would not afford adequate relief, in that

18  said damages would not adequately compensate for the injury to Pacific Information Resources'

19  business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

20  conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

21  Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

22  and permanent injunctive relief against all Defendants' for their misconduct.

23

24

25

26

27                                    27
_____
**THIRD AMENDED COMPLAINT**

28                                                **CASE NO. C06-02306 MMC**

# NINTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under the Copyright Act, *17 U.S.C. § 101 et. seq.* - Vicarious Liability for Unauthorized Reproduction, Distribution and Display of Literary Work - Against All of the Individual Defendants)**

112.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 111 above.

113.    Assuming, *arguendo*, that the individual Defendants named herein did not have actual or direct knowledge of the illegal activity of the corporate Defendants, the individual Defendants named herein are vicariously liable for the violation of *17 U.S.C. §§ 101, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the corporate Defendants.

114.    Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein have the right and abilities to supervise the illegal activity and also have a direct financial interest in the activities of the corporate Defendants in which they are affiliated or controlled as an officer or principal shareholder or member or manager.

115.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

116.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that

said damages would not adequately compensate for the injury to Pacific Information Resources'

business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

and permanent injunctive relief against all Defendants' for their misconduct.

**TENTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under**

**the Copyright Act, *17 U.S.C. § 101 et seq.* - Unauthorized Reproduction and Distribution of**

**Computer Program - Against All Defendants)**

117.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

reference as if fully set forth herein the allegations set forth in paragraphs 1 through 116 above.

118.    The computer program developed by Plaintiff to operate its website located at

www.searchsystems.net comprises a substantial amount of material wholly original with

Plaintiff, and is copyrightable subject matter under the laws of the United States.  That computer

program commonly is referred to as "source code," i.e., a set of statements or instructions to be

used directly or indirectly in a computer in order to bring about a certain result.

119.    On February 9, 2006, Plaintiff secured the exclusive rights and privileges in and to

the statutory copyright in the source code that operates Plaintiff's website as a published work,

and duly registered a claim thereto in the United States Copyright Office, evidenced by a

Certificate of Registration issued by the Register of Copyrights, dated and identified as follows:

"TX 6-275-367".

120.    At all times pertinent hereto, Plaintiff duly has complied with all of the provisions

of the Copyright Laws of the United States applicable to the source code element of Plaintiff's

website.  Plaintiff is the proprietor of the statutory copyright in and to the source code operating

its website, and duly is possessed of all rights, title and interests therein.

29

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

121.     Plaintiff is informed, believes and thereon alleges that, commencing upon a date presently unknown to Plaintiff, but within the applicable statute of limitations period, Defendants, and each of them, infringed Plaintiff's statutory copyright in and to the source code operating Plaintiff's website, by reproducing, distributing and displaying copies of such text elements.

122.     In particular, but without limitation, Plaintiff is informed, believes and thereon alleges that, on a date that presently is unknown to Plaintiff, Defendants, and each of them, created a website or websites that contain "mirror images" of Plaintiff's website located at www.searchsystems.net.  Defendants' sites are located at the following URLs:

| Name of Defendant | URL |
| --- | --- |
| DIANA MUSSELMAN d/b/a COURTSONLINE.ORG | www.courtsonline.org |
| DOE 1 d/b/a DATAHOUNDDETECTIVE.COM | www.datahounddetective.com |
| RENEE DUNBAR d/b/a INTERNET RESEARCH ESSENTIALS also d/b/a INSTANTDETECTIVE.NET also d/b/a INSTANTDETECTIVE.COM | www.instantdetective.net www.instantdetective.com |
| PARETOLOGIC, INC. d/b/a RECORDSREGISTRY.COM; ADRIAN PEREIRA; ELTON PEREIRA; and JASON-LEO CARVALHO | www.recordsregistry.com |

| AIRON CORP. d/b/a WEBINVESTIGATOR.ORG; BACKGROUNDRECORDS.ORG; BARGAINSHERLOCK.COM; CIVILFILES.COM; CREDITHISTORY.ORG; COURTRECORDS.ORG; CRIMINALFILES.ORG; ELIMIWARE.COM; INVESTIGATE123.COM; LEGALFILES.ORG; LIVEMP3DOWNLOADS.COM; LOCATECLASSMATES.ORG; LOCATEPEOPLE.ORG; REPOAUTOS.ORG; REPOJEWELRY.COM; REVERSEGENIE.COM; REVERSERECORDS.ORG; RMVRECORDS.COM; SEARCHPUBLICRECORDS.ORG; SEIZEDELECTRONICS.COM; SEIZEDREALESTATE.COM; STATEAUCTIONS.ORG; UNCLAIMEDTICKETS.COM; RESTRICTEDONLY.COM; AND CISWORLDWIDE.COM | www.webinvestigator.org www.backgroundrecords.org www.bargainsherlock.com; www.civilfiles.com www.credithistory.org www.courtrecords.org www.criminalfiles.org www.elimiware.com www.investigate123.com www.legalfiles.org www.livemp3downloads.com www.locateclassmates.org www.locatepeople.org www.repoautos.org www.repojewelry.com www.reversegenie.com www.reverserecords.org www.rmvrecords.org www.searchpublicrecords.org www.seizedelectronics.com www.seizedrealestate.com www.stateauctions.org www.unclaimedtickets.com www.restrictedonly.com www.cisworldwide.com |
| ROSSON VENTURES, LLC d/b/a WEBSHERLOCK.COM; LINDA K. ROSSON, MATTHEW ROSSON, BERRY T. ROSSON | www.websherlock.com |

123.    At each of their respective sites, Defendants, and each of them, copied, duplicated, and in fact imported wholesale all of the source code underlying Plaintiff's Database, including the "search" and "link" functions found on Plaintiff's WEBSITE.  This activity was undertaken without Plaintiff's knowledge or consent.

124.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

1    punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

2    amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

3         125.   Defendants have engaged in, continue to engage in, and unless restrained, will

4    continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

5    suffer great and irreparable injury, for which damages would not afford adequate relief, in that

6    said damages would not adequately compensate for the injury to Pacific Information Resources'

7    business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

8    conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

9    Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

10   and permanent injunctive relief against all Defendants' for their misconduct.

### ELEVENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under the Copyright Act, *17 U.S.C. § 101 et. seq.* - Contributory Liability for Unauthorized Reproduction, Distribution and Display of Computer Program - Against All of the Individual Defendants)**

16        126.   Plaintiff Pacific Information Resources repeats, realleges and incorporates by

17   reference as if fully set forth herein the allegations set forth in paragraphs 1 through 125 above.

18        127.   The individual Defendants had or have knowledge of the illegal and otherwise

19   infringing activities described herein.  Indeed, the individual Defendants induced, caused or

20   materially contributed to the illegal or infringing conduct of the corporate Defendants named

21   herein.  These individual Defendants are corporate officers of the corporate Defendants and thus

22   are the moving, active conscious forces behind the corporate Defendants' illegal actions.

23        128.   Individual Defendants, Adrian Pereira, Elton Pereira and Jason-Leo Carvalho are

24   corporate officers of Defendant Paretologic, Inc. and in their capacity as corporate officers are the

25   moving, active conscious forces behind Defendant Paretologic, Inc.'s illegal actions described

26   herein.

27

28

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

129.     Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

130.     Individual Defendants Alexei Borisov and Levon Gasparian are corporate officers of Defendant Airon Corporation.  In their capacities as officers of corporate Defendant Airon Corporation, they had or have knowledge of the infringing activity of Airon, thus inducing, causing or materially contributing to the infringing conduct of Defendant Airon Corporation.  As corporate officers of Defendant Airon, Defendants Borisov and Gasparian are the moving, active conscious forces behind Airon's illegal activities described herein and it is immaterial whether these individuals are aware that their acts would result in the illegal activities including but not limited to infringement described herein.  Indeed Plaintiff is informed and believes and thereon alleges that the individual Defendants knowingly engaged in personal conduct that encourages or assists the past and present illegal conduct of Defendant Airon Corporation described herein. Moreover, the individual Defendants Borisov and Gasparian Plaintiff is informed and believes and thereon alleges had actual knowledge or reason to know of the infringing and illegal activities of Airon Corporation.

131.     Individual Defendants Linda K. Rosson, Matthew Rosson and Barry T. Rosson are controlling members or managers of the corporate Defendant Rosson Ventures, LLC. Plaintiff is informed and believes and thereon alleges that the individual Rosson Defendants have knowledge of the illegal activities of Rosson Ventures, LLC whereby the individual Rosson Defendants induce, cause and materially contribute to the illegal conduct of Defendant Rosson Ventures, LLC in that the individual Rosson Defendants are the moving, active conscious forces behind the illegal activities of Rosson Ventures, LLC.

132.     Plaintiff is informed and believes and thereon alleges that the Rosson Defendants engage in personal conduct that encourages or assists the illegal activities of corporate Defendant Rosson Ventures, LLC.

133.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the individual Defendants named herein materially induced, caused or contributed to the illegal conduct of the corporate Defendants described herein, and each of the individual Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the corporate Defendants.

134.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

135.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**TWELFTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under the Copyright Act, *17 U.S.C. §§ 101 et. seq.* - Vicarious Liability for Unauthorized Reproduction, Distribution and Display of Computer Program - Against All of the Individual Defendants)**

136.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 135 above.

34

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

137.    Assuming, *arguendo*, that the individual Defendants named herein did not have actual or direct knowledge of the illegal activity of the corporate Defendants, the individual Defendants named herein are vicariously liable for the violation of *18 U.S.C. §§ 101, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the corporate Defendants.

138.    Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein have the right and abilities to supervise the illegal activity and also have a direct financial interest in the activities of the corporate Defendants in which they are affiliated or controlled as an officer or principal shareholder or member or manager.

139.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

140.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

# THIRTEENTH  CLAIM FOR RELIEF

## (For Injunctive Relief, Damages, Attorneys' Fees and Litigation Costs, and Other Relief Under the Digital Millennium Copyright Act, *17 U.S.C. § 1201 et seq.* - Circumvention of Copyright Protection - Against All Defendants)

141.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 140 above.

142.    Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, have circumvented various technological measures deployed by Plaintiff that effectively control access to the Database.  In particular, but without limitation, Plaintiff originally used a programming language called HyperText Markup Language ("HTML") to create the pages of its website.  In order to improve security, Plaintiff later transitioned to another programming language called PHP: Hypertext Preprocessor ("PHP") and incorporated into MDS the PHP version of the WEBSITE.  This measure, in the ordinary course of its operation, required the application of information, or a process or a treatment, with the authority of the copyright owner, in order to gain access to the work.

143.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, "cracked" or "reverse engineered" Plaintiff's MDS enhanced PHP source code, thereby circumventing, avoiding, bypassing, removing, deactivating, or impairing the technological measures deployed by Plaintiff that effectively controlled access to a copyrighted work, i.e., Plaintiff's computer source code, in a manner and for a purpose not permitted by the Digital Millennium Copyright Act.

144.    Plaintiff further is informed, believes and thereon alleges that the primary reason why Defendants, and each of them, undertook such activities, was so that they could unlawfully use, "reverse engineer," and copy Plaintiff's database, in order to improve the performance and features of their own websites, respectively, and to develop a product or products that each of such Defendants would attempt to market in competition with Plaintiff.

36
**THIRD AMENDED COMPLAINT**

CASE NO. C06-02306 MMC

145.    Defendants, and each of them, in fact unlawfully copied Plaintiff's computer SOURCE CODE, and utilized it in the operation of each of their respective websites.  Plaintiff is informed, believes and thereon alleges that such conduct by Defendants, and each of them, was knowing and willful, and undertaken for the specific purpose of duplicating Plaintiff's computer SOURCE CODE and infringing Plaintiff's copyright therein and thereto.  By copying Plaintiff's SOURCE CODE, Defendants, and each of them, have developed, or are in the process of developing, one or more products or portions thereof that are identical or substantially similar to Plaintiff's SOURCE CODE in their underlying logic, structure, organization and sequence, as well as in various other respects.

146.    The natural, probable and foreseeable result and consequence of Defendants' conduct, and that of each of them, as set forth herein, has been and will continue to be to deprive Plaintiff of business; to deprive Plaintiff of goodwill; to injure Plaintiff's relations with prospective customers; and to impose substantial expenses on Plaintiff to counteract the aforesaid conduct.  Plaintiff has lost or will lose substantial revenues derived from the commercial operation of its website, and has sustained or will sustain damages as a result of the wrongful conduct of Defendants, and each of them, as alleged herein.

147.    For example, but not by way of limitation, because Defendants have not incurred the substantial research and development costs, and other overhead expenses associated with developing and improving Plaintiff's website, Defendants, and each of them, will be able to market and sell their respective infringing products at lower cost than those Plaintiff must charge.  As a result, the sale and marketing of any infringing products has and will continue to artificially erode the price that potential customers will be willing to pay to Plaintiff for the use of Plaintiff's website, and that prospective advertisers will be willing to pay in order to access those potential customers.

148.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

37

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

149.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## FOURTEENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief Under the Digital Millennium Copyright Act, *17 U.S.C. §§ 1201 et. seq.* - Contributory Liability for Unauthorized Reproduction, Distribution and Display of Circumvention of Copyright Protection - Against All of the Individual Defendants)**

150.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 149 above.

151.    The individual Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the individual Defendants induced, caused or materially contributed to the illegal or infringing conduct of the corporate Defendants named herein.  These individual Defendants are corporate officers of the corporate Defendants and thus are the moving, active conscious forces behind the corporate Defendants' illegal actions.

152.    Individual Defendants, Adrian Pereira, Elton Pereira and Jason-Leo Carvalho are corporate officers of Defendant Paretologic, Inc. and in their capacity as corporate officers are the

38

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

1    moving, active conscious forces behind Defendant Paretologic, Inc.'s illegal actions described

2    herein.

3          153.   Indeed, such officers are personally liable as contributor infringers where they

4    normally engage in personal conduct that encourages or assists the illegal activity.

5          154.   Individual Defendants Alexei Borisov and Levon Gasparian are corporate officers

6    of Defendant Airon Corporation.  In their capacities as officers of corporate Defendant Airon

7    Corporation, they had or have knowledge of the infringing activity of Airon, thus inducing,

8    causing or materially contributing to the infringing conduct of Defendant Airon Corporation.  As

9    corporate officers of Defendant Airon, Defendants Borisov and Gasparian are the moving, active

10   conscious forces behind Airon's illegal activities described herein and it is immaterial whether

11   these individuals are aware that their acts would result in the illegal activities including but not

12   limited to infringement described herein.  Indeed Plaintiff is informed and believes and thereon

13   alleges that the individual Defendants knowingly engaged in personal conduct that encourages or

14   assists the past and present illegal conduct of Defendant Airon Corporation described herein.

15   Moreover, the individual Defendants Borisov and Gasparian Plaintiff is informed and believes

16   and thereon alleges had actual knowledge or reason to know of the infringing and illegal

17   activities of Airon Corporation.

18         155.   Individual Defendants Linda K. Rosson, Matthew Rosson and Barry T. Rosson

19   are controlling members or managers of the corporate Defendant Rosson Ventures, LLC.

20   Plaintiff is informed and believes and thereon alleges that the individual Rosson Defendants have

21   knowledge of the illegal activities of Rosson Ventures, LLC whereby the individual Rosson

22   Defendants induce, cause and materially contribute to the illegal conduct of Defendant Rosson

23   Ventures, LLC in that the individual Rosson Defendants are the moving, active conscious forces

24   behind the illegal activities of Rosson Ventures, LLC.

25

26

27                                       39
                      **THIRD AMENDED COMPLAINT**

28                                       **CASE NO. C06-02306 MMC**

156.   Plaintiff is informed and believes and thereon alleges that the Rosson Defendants engage in personal conduct that encourages or assists the illegal activities of corporate Defendant Rosson Ventures, LLC.

157.   Plaintiff is therefore informed and believes and thereon alleges that the conduct of the individual Defendants named herein materially induced, caused or contributed to the illegal conduct of the corporate Defendants described herein, and each of the individual Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the corporate Defendants.

158.   Plaintiff is therefore informed and believes and thereon alleges that the individual Defendants, each of them, took from Plaintiff is being used by them to compete unfairly with Plaintiff.

159.   Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

160.   Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**FIFTEENTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief under the Digital Millennium Copyright Act, *17 U.S.C. §§ 1201 et. seq.* - Vicarious Liability for Unauthorized Reproduction, Distribution and Display of Circumvention of Copyright Protection - Against All of the Individual Defendants)**

161.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 160 above.

162.    Assuming, *arguendo*, that the individual Defendants named herein did not have actual or direct knowledge of the illegal activity of the corporate Defendants, the individual Defendants named herein are vicariously liable for the violation of *17 U.S.C. §§ 1201, et. seq.* in that Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the corporate Defendants.

163.    Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein have the right and abilities to supervise the illegal activity and also have a direct financial interest in the activities of the corporate Defendants in which they are affiliated or controlled as an officer or principal shareholder or member or manager.

164.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

165.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that

41

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

said damages would not adequately compensate for the injury to Pacific Information Resources'

business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

and permanent injunctive relief against all Defendants' for their misconduct.

### SIXTEENTH CLAIM FOR RELIEF

**(For Damages, Injunctive Relief, Attorneys' Fees, Litigation Costs and Other Relief for**

**Infringement of Unregistered SERVICE MARKS - *§ 43(a)* of the Lanham Act, *15 U.S.C. §***

***1125* - Against All Defendants)**

166.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

reference as if fully set forth herein the allegations set forth in paragraphs 1 through 165 above.

167.    Plaintiff has operated various versions of its website located at

www.searchsystems.net since 1997.  During the interval of time between then and the present,

Plaintiff's website has been viewed by millions of persons, and is regarded as the premier web

site on the World Wide Web for governmental and public records searches.  Plaintiff's term

SERVICE MARKS, together with the trade dress, design and features of Plaintiff's website, are

inherently distinctive, because their intrinsic nature serves to identify them as coming from a

particular source, that is, Plaintiff.  That notwithstanding, they also have acquired significant

secondary meaning, and the SERVICE MARKS "search systems" and Plaintiff's website have

become synonymous in the mind of the public, because they identify the source of the product,

rather than the product itself.

168.    Defendants, and each of them, used the SERVICE MARKS "search systems," and

various cognates, in interstate commerce, without Plaintiff's consent, in connection with the sale,

offering for sale, distribution, or advertising of goods and services at their respective websites, in

a way that is likely to mislead or cause confusion among ordinary prudent purchasers.  Such use

by Defendants, and each of them, of the term "search systems," and various cognates, is both a

false or misleading designation of origin, and a false or misleading description or representation of fact.

169.    Among other factors, consumers were mislead (confused) into thinking that Plaintiff was the originator or proprietor of the various websites operated by Defendants, and each of them, and of the goods and services sold at such sites; that Plaintiff somehow was affiliated, connected or associated with Defendants, or any of them; and that Plaintiff somehow had endorsed or approved the websites of Defendants, and each of them, and the goods or services sold at such sites.  The classes of goods and services (viz, public records searches) offered by Defendants, and each of them, are virtually identical with the goods and services offered by Plaintiff.  In fact (by way of example, but not by way of limitation), Plaintiff has received numerous e-mail messages in the nature of complaints from consumers who thought they had received goods from, or subscribed to services offered by Plaintiff, when in fact they had subscribed to misleadingly-similar services offered by Defendants, or received goods from Defendants.

170.    The imitation, copying, and unauthorized use by Defendants, and each of them, of Plaintiffs' SERVICE MARKS and trade dress, has caused and will continue to cause irreparable injury to Plaintiff, including (but not limited to) injury to Plaintiff's business, reputation, and dilution of the distinctive qualities of Plaintiff's SERVICE MARKS and trade dress.

171.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

172.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

43

**THIRD AMENDED COMPLAINT**

CASE NO. C06-02306 MMC

suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## SEVENTEENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Infringement of Unregistered SERVICE MARKS § 43(a) of the Lanham Act, *15 U.S.C. § 1125 et. seq.* - Contributory Liability - Against All of the Individual Defendants)**

173.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 172 above.

174.    The individual Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the individual Defendants induced, caused or materially contributed to the illegal or infringing conduct of the corporate Defendants named herein.  These individual Defendants are corporate officers of the corporate Defendants and thus are the moving, active conscious forces behind the corporate Defendants' illegal actions.

175.    Individual Defendants, Adrian Pereira, Elton Pereira and Jason-Leo Carvalho are corporate officers of Defendant Paretologic, Inc. and in their capacity as corporate officers are the moving, active conscious forces behind Defendant Paretologic, Inc.'s illegal actions described herein.

176.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

177.    Individual Defendants Alexei Borisov and Levon Gasparian are corporate officers of Defendant Airon Corporation.  In their capacities as officers of corporate Defendant Airon Corporation, they had or have knowledge of the infringing activity of Airon, thus inducing,

44

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

causing or materially contributing to the infringing conduct of Defendant Airon Corporation.  As corporate officers of Defendant Airon, Defendants Borisov and Gasparian are the moving, active conscious forces behind Airon's illegal activities described herein and it is immaterial whether these individuals are aware that their acts would result in the illegal activities including but not limited to infringement described herein.  Indeed Plaintiff is informed and believes and thereon alleges that the individual Defendants knowingly engaged in personal conduct that encourages or assists the past and present illegal conduct of Defendant Airon Corporation described herein. Moreover, the individual Defendants Borisov and Gasparian Plaintiff is informed and believes and thereon alleges had actual knowledge or reason to know of the infringing and illegal activities of Airon Corporation.

178.    Individual Defendants Linda K. Rosson, Matthew Rosson and Barry T. Rosson are controlling members or managers of the corporate Defendant Rosson Ventures, LLC. Plaintiff is informed and believes and thereon alleges that the individual Rosson Defendants have knowledge of the illegal activities of Rosson Ventures, LLC whereby the individual Rosson Defendants induce, cause and materially contribute to the illegal conduct of Defendant Rosson Ventures, LLC in that the individual Rosson Defendants are the moving, active conscious forces behind the illegal activities of Rosson Ventures, LLC.

179.    Plaintiff is informed and believes and thereon alleges that the Rosson Defendants engage in personal conduct that encourages or assists the illegal activities of corporate Defendant Rosson Ventures, LLC.

180.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of the individual Defendants named herein materially induced, caused or contributed to the illegal conduct of the corporate Defendants described herein, and each of the individual Defendants, with a knowing or intentional state of mind, contributed to the conduct constituting the illegal violations alleged herein by the corporate Defendants.

181.   Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

182.   Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## EIGHTEENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief for Infringement of Unregistered SERVICE MARKS - *§43(a)* of the Lanham Act, *15 U.S.C. § 1125 et. seq.* - Vicarious Liability Against All of the Individual Defendants)**

183.   Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 182 above.

184.   Assuming, *arguendo*, that the individual Defendants named herein did not have actual or direct knowledge of the illegal activity of the corporate Defendants, the individual Defendants named herein are vicariously liable for the violation of *15 U.S.C. § 1125* in that Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the corporate Defendants.

46

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

185.     Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein have the right and abilities to supervise the illegal activity and also have a direct financial interest in the activities of the corporate Defendants in which they are affiliated or controlled as an officer or principal shareholder or member or manager.

186.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

187.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## NINETEENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Direct Infringement of Registered SERVICE MARKS-- *15 U.S.C. § 1114* - Against All Defendants)**

188.     Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 187 above.

189.     Since 1996, Plaintiff has had a registration for its SERVICE MARK bearing United States Patent and Trademark Office, Service Mark Registration Number 2019094.  A true

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

and correct copy of Plaintiff's registration with the United States Patent and Trademark Office is, as previously noted, attached hereto and incorporated herein as *Exhibit "2."*

190.   The registration has become incontestable under *15 U.S.C. § 1065* in 2002.

191.   The consuming public and trade have come to associate Plaintiff's mark "searchsystems.net" as an indication of Plaintiff Pacific Information Resources' as the source of the manufacture, sponsorship for approval of and providing of the services and products which can be obtained through use of the website www.searchsystems.net.  Through Plaintiff's investment of time, money and effort, Plaintiff has developed substantial goodwill in its mark "searchsystems.net" among the consuming public that uses the Internet, as more specifically described in paragraphs 19 through 28.

192.   Defendants have had knowledge of the mark "searchsystems.net" used by Plaintiff, and of their successful use of the mark, by virtue of Defendants engaging in the illegal activity of going into Plaintiff's website and copying Plaintiff's customized links, copy of Plaintiff's website, and also creating mass consumer confusion whereby Defendants, cause unsuspecting consumers to be routed back to Plaintiff for complaints regarding membership fees and so forth.  See paragraphs 30 through 39 of this instant Complaint, supra.

193.   In short, Defendants, and each of them, have charged various unsuspecting consumers/users for access to their illegal and infringing sites.  But, in the process, of providing the unauthorized information of Plaintiff's links to various sites, Defendants invariably, inevitably and repeatedly used Plaintiff's website URL, www.searchsystems.net as indicating the source for these services or the source where complaints should be pursued.  Indeed, Plaintiff has been inundated with complaints from (confused) persons who have paid for access to one of Defendants' sites, who thought that they were accessing the WEBSITE (i.e., Plaintiff's WEBSITE).  This in turn has lead to considerable discussion of the WEBSITE in various on-line forums, which have become even more influential in determining behavior and selections made by Internet users.

48

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

194.    By virtue of Defendants causing consumers to become confused in mistaken Plaintiff's URL for the Defendants' sites the Defendants' URLs, the trade and consuming public is currently greatly confused or deceived into believing that the Defendants' services and websites are provided by or in conjunction with or the approval of Plaintiff.  See *Exhibit "6,"* containing true and correct copies of numerous emails complaining to Plaintiff about passwords and fees paid when Plaintiff has never previously been in contact with these consumers and indeed never charged for the basic services as previously discussed herein, in contrast to Defendants.

195.    Defendants have infringed Plaintiff's rights in its federally registered mark and as a result has caused and will continue to cause actual and irreparable damage to the goodwill and reputation of Plaintiff Pacific Information Resources in violation of the Lanham Act, *15 U.S.C. § 1114*.

196.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

197.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**TWENTIETH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Infringement of Registered SERVICE MARKS - *15 U.S.C. § 1114* - Contributory Liability Against All Defendants)**

198.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 197 above.

199.    The individual Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the individual Defendants induced, caused or materially contributed to the illegal or infringing conduct of the corporate Defendants named herein.  These individual Defendants are corporate officers of the corporate Defendants and thus are the moving, active conscious forces behind the corporate Defendants' illegal actions.

200.    Individual Defendants, Adrian Pereira, Elton Pereira and Jason-Leo Carvalho are corporate officers of Defendant Paretologic, Inc. and in their capacity as corporate officers are the moving, active conscious forces behind Defendant Paretologic, Inc.'s illegal actions described herein.

201.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

202.    Individual Defendants Alexei Borisov and Levon Gasparian are corporate officers of Defendant Airon Corporation.  In their capacities as officers of corporate Defendant Airon Corporation, they had or have knowledge of the infringing activity of Airon, thus inducing, causing or materially contributing to the infringing conduct of Defendant Airon Corporation.  As corporate officers of Defendant Airon, Defendants Borisov and Gasparian are the moving, active conscious forces behind Airon's illegal activities described herein and it is immaterial whether these individuals are aware that their acts would result in the illegal activities including but not limited to infringement described herein.  Indeed Plaintiff is informed and believes and thereon alleges that the individual Defendants knowingly engaged in personal conduct that encourages or

1    assists the past and present illegal conduct of Defendant Airon Corporation described herein.

2    Moreover, the individual Defendants Borisov and Gasparian Plaintiff is informed and believes

3    and thereon alleges had actual knowledge or reason to know of the infringing and illegal

4    activities of Airon Corporation.

5          203.    Individual Defendants Linda K. Rosson, Matthew Rosson and Barry T. Rosson

6    are controlling members or managers of the corporate Defendant Rosson Ventures, LLC.

7    Plaintiff is informed and believes and thereon alleges that the individual Rosson Defendants have

8    knowledge of the illegal activities of Rosson Ventures, LLC whereby the individual Rosson

9    Defendants induce, cause and materially contribute to the illegal conduct of Defendant Rosson

10   Ventures, LLC in that the individual Rosson Defendants are the moving, active conscious forces

11   behind the illegal activities of Rosson Ventures, LLC.

12         204.    Plaintiff is informed and believes and thereon alleges that the Rosson Defendants

13   engage in personal conduct that encourages or assists the illegal activities of corporate Defendant

14   Rosson Ventures, LLC.

15         205.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of

16   the individual Defendants named herein materially induced, caused or contributed to the illegal

17   conduct of the corporate Defendants described herein, and each of the individual Defendants,

18   with a knowing or intentional state of mind, contributed to the conduct constituting the illegal

19   violations alleged herein by the corporate Defendants.

20         206.    Defendants, and each of them, in performing the conduct complained of herein,

21   acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

22   Defendants, and each of them, are therefore guilty of malice and oppression in conscious

23   disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

24   punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

25   amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

26

27                           51

                    **THIRD AMENDED COMPLAINT**

28                               **CASE NO. C06-02306 MMC**

207.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## TWENTY-FIRST CLAIM FOR RELIEF

### (For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Infringement of Registered SERVICE MARKS -*15 U.S.C. § 1114* - Vicarious Liability Against All Defendants)

208.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 207 above.

209.    Assuming, *arguendo*, that the individual Defendants named herein did not have actual or direct knowledge of the illegal activity of the corporate Defendants, the individual Defendants named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the corporate Defendants.

210.    Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein have the right and abilities to supervise the illegal activity and also have a direct financial interest in the activities of the corporate Defendants in which they are affiliated or controlled as an officer or principal shareholder or member or manager.

211.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

212.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

### TWENTY-SECOND CLAIM FOR RELIEF

### (For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Violation of *15 U.S.C. § 1125(a)*: False Designation of Origin/False Advertising Against All Defendants)

213.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 212 above.

214.    Defendants' use of deceptive and confusingly similar variations and copies of the SERVICE MARKS as described hereinabove is a use in interstate commerce of words and/or symbols, a false designation of origin, and/or a false description or representation, and such is likely to cause confusion, to cause mistake, to deceive the public into the affiliation of Defendants with Pacific Information Resources and/or the WEBSITE, or as to the origin, sponsorship, or approval of the Defendants website and the WEBSITE.  Such use has already misled and deceived, and will continue to mislead and deceive, the public into believing that the Defendants' counterfeit and infringing services originate with Pacific Information Resources, are

licensed by Pacific Information Resources or the WEBSITE, or are in some way sanctioned by, or otherwise affiliated with, the services of Pacific Information Resources or the WEBSITE.

215.   Defendants' unauthorized association of the counterfeit and infringing services with Pacific Information Resources and/or the WEBSITE will cause such damage to the WEBSITE that Pacific Information Resources will be irreparably harmed.

216.   By so imitating, counterfeiting, and infringing the Pacific Information Resources' SERVICE MARKS in interstate commerce, the Defendants have violated Section 43(a) of the Lanham Act, *15 U.S.C. § 1125(a)*.

217.   By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

218.   Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

219.   Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## TWENTY-THIRD CLAIM FOR RELIEF

### (For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For False Endorsement Under Lanham Act, *15 U.S.C. § 1125(a)* Against All Defendants)

220.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 219 above.

221.    As a result of the secondary meaning established for Plaintiff's SERVICE MARKS and as a result of Plaintiff's creating and producing the WEBSITE that has come to be recognized as "the public records website" since 1997.

222.    Defendants have by their conduct complained of above attempted to convert as well as misappropriate Plaintiff's SERVICE MARKS and Plaintiff's WEBSITE and thereby deceive the public into believing that the websites sponsored by Defendants were either endorsed by Plaintiff or constitute authorized replications of the links and content of Plaintiff's WEBSITE. In short, Defendants are seeking to divert the goodwill that Plaintiff Pacific Information Resources has developed in its WEBSITE since 1995.

223.    As a result of Defendants' unauthorized imitation of Plaintiff's SERVICE MARKS and Plaintiff's WEBSITE, Defendants have created a "false endorsement" in violation of *15 U.S.C. § 1125(a)(1)(A)*.

224.    As a result of Defendants' improper "false endorsement" activities, Defendants are profiting, with minimal costs to themselves, from the considerable expenditures of effort, time and money that Plaintiff has invested over the past ten (10) years in developing its SERVICE MARKS and the WEBSITE.

225.    By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

226.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

227.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## TWENTY-FOURTH CLAIM FOR RELIEF

### (For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Violation of *15 U.S.C. § 1125(a)*: Trade Name Infringement Against All Defendants)

228.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 227 above.

229.    Plaintiff Pacific Information Resources has consistently registered and maintained various trade names with the Ventura County Clerk since 1989.  These trade names are words, symbols, or any combination thereof used to identify a business or occupation and distinguish it from the business or occupation of others.  California Business and Professions Code Section 14208.  Trade Names "symbolize the reputation of a business as a whole."  Stephen W. Boney, Inc. v. Boney Services, Inc., 127 F.3d 821, 829 (9th Cir. 1997).  The filing of any fictitious business name statement establishes a rebuttable presumption that the registrant has the exclusive

right to use that trade name as well as any other confusingly similar trade name. The trade names legally registered and maintained by Plaintiff since 1989 include the words and symbols "search systems", and "searchsystems.net" (collectively the "TRADE NAMES").

230.    Defendants have used copies, and/or substantially and confusingly similar variations, of Plaintiff's TRADE NAMES in interstate commerce without the consent of the Plaintiff, for the purpose of selling counterfeit and infringing services.  Defendants, and each of them, have caused and continue to cause confusion, mistake, and deception in the minds of the public.

231.    Plaintiff's use of the TRADE NAMES has been exclusive and continuous since 1989.

232.    Plaintiff has expended enormous amounts of time, effort and money promoting its services and the WEBSITE through use of the TRADE NAMES such that the relevant consuming public has come to associate Plaintiff's TRADE NAMES with Plaintiff or with Plaintiff's services of producing the WEBSITE, such that Plaintiff's unregistered TRADE NAMES have acquired "secondary meaning."

233.    By selling services using substantially and confusingly similar variations of the TRADE NAMES or actual reproductions of the TRADE NAMES, the Defendants have imitated, counterfeited, and infringed the Plaintiff's TRADE NAMES in interstate commerce and have violated the Lanham Act, *15 U.S.C. § 1125(a)*.

234.    By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in *15 U.S.C. § 1116, et seq.*, including but not limited to treble damages, attorney's fees and injunctive relief.

235.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

1  punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

2  amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

3    236.    Defendants have engaged in, continue to engage in, and unless restrained, will

4  continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

5  suffer great and irreparable injury, for which damages would not afford adequate relief, in that

6  said damages would not adequately compensate for the injury to Pacific Information Resources'

7  business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

8  conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

9  Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

10  and permanent injunctive relief against all Defendants' for their misconduct.

**TWENTY-FIFTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief**

**Violation of Lanham Act, *15 U.S.C. § 1125(a)* for Infringement of Trade Dress Against All**

**Defendants)**

15    237.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

16  reference as if fully set forth herein the allegations set forth in paragraphs 1 through 236 above.

17    238.    Plaintiff's WEBSITE has a trade dress which is the total image of its WEBSITE

18  business (the "TRADE DRESS"). Plaintiff's TRADE DRESS is the total image and overall

19  appearance of the WEBSITE which also includes the links and content of the WEBSITE for the

20  past ten (10) years.  Plaintiff's TRADE DRESS creates a combination of mental and visual

21  elements that taken together create a distinctive visual impression in the minds of Internet

22  consumers.

23    239.    Plaintiff is entitled to protection for its particular combination of elements which

24  constitute the TRADE DRESS of the WEBSITE as a whole.

25    240.    The trade dress or website configurations of the Defendants' websites are

26  confusingly similar to Plaintiff's TRADE DRESS.  The advertisements are substantially similar.

27

28

The configuration of Defendants' websites are confusingly and substantially similar to Plaintiff Pacific Information Resources' WEBSITE.

241.    The appropriated features of the Plaintiff's TRADE DRESS are non-functional. Furthermore, Plaintiff's TRADE DRESS has obtained secondary meaning such that consumers associate the TRADE DRESS of the WEBSITE with Pacific Information Resources or with a single anonymous source (which is Pacific Information Resources).

242.    Furthermore, there is likelihood that the public will be confused by the infringing use of Plaintiff's TRADE DRESS by Defendants.

243.    By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

244.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

245.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## TWENTY-SIXTH CLAIM FOR RELIEF

## (For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For

## Violation of *California Business and Professions Code § 14330(a)*: Infringement of

## Unregistered SERVICE MARK Against All Defendants)

246.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 245 above.

247.    Defendants' misappropriation, counterfeiting, and infringement of the SERVICE MARKS constitute the assumption, adoption, or use, with intent to deceive or mislead the public, for advertising purposes or for the purposes of trade, a symbol or simulation thereof or a part of a symbol or simulation thereof, which may deceive or mislead the public into believing that a connection exists between the Defendants and/or Defendants' website, on the one hand, and Pacific Information Resources (by name or as an anonymous source) and/or the WEBSITE, on the other.

248.    By so misappropriating, counterfeiting, and infringing the SERVICE MARKS, the Defendants have violated *California Business and Professions Code § 14330*.

249.    By reason of the acts of Defendants complained of herein, Plaintiff Pacific Information Resources is entitled to an injunction and all other relief against Defendants as provided for in *California Business and Professions Code § 14330*.

250.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

251.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## TWENTY-SEVENTH CLAIM FOR RELIEF

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Violation of *California Business and Professions Code §§ 14400, 14402*:  State Statutory Trade Name Infringement Against All Defendants)**

252.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 251 above.

253.    As noted above, Plaintiff Pacific Information Resources has registered its various TRADE NAMES with the Ventura County Clerk.  These TRADE NAMES are words, symbols, or any combination thereof used to identify a business or occupation and distinguish it from the business or occupation of others.  California Business and Professions Code Section 14208.  Trade Names "symbolize the reputation of a business as a whole."  The filing of any fictitious business name statement establishes a rebuttable presumption that the registrant has the exclusive right to that trade name as well as any other confusingly similar trade name.

254.    Defendants' use of copies or of substantially and confusingly similar variations of the TRADE NAMES in interstate commerce without the consent of the Plaintiff, for the purpose of selling counterfeit and infringing services, has cause and continues to cause confusion, mistake, and deception in the minds of the public.

255.    Plaintiff's use of the TRADE NAMES has been exclusive and continuous since 1990.

256.   Plaintiff has expended enormous amounts of time, effort and money promoting its services and the WEBSITE through use of the TRADE NAMES such that the relevant consuming public has come to associate Plaintiff's TRADE NAMES with Plaintiff or with Plaintiff's services of producing the WEBSITE, such that Plaintiff's unregistered TRADE NAMES have acquired "secondary meaning."

257.   By selling services using substantially and confusingly similar variations of the TRADE NAMES or actual reproductions of the TRADE NAMES, the Defendants have imitated, counterfeited, and infringed the Plaintiff's TRADE NAMES in interstate commerce and have violated the *California Business and Professions Code §§ 14400 et. seq.*

258.   By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in *California Business and Professions Code §§ 14330 and 14402*.

259.   Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

260.   Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

62
**THIRD AMENDED COMPLAINT**

**TWENTY-EIGHTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

**Violation of *California Business and Professions Code § 14330*: Service Mark Dilution**

**Against All Defendants)**

261.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 260 above.

262.    The SERVICE MARKS of the WEBSITE have been famous and distinctive from at least as early as 1990.

263.    Defendants' use of the SERVICE MARKS or of versions of the SERVICE MARKS which are deceptively and confusingly similar, in connection with the counterfeit and infringing service dilutes the distinctive quality of and tarnishes the public image of the SERVICE MARKS and the WEBSITE, and harms the reputation of Plaintiff and the WEBSITE.

264.    The Defendants attempt to replicate the links and content of the WEBSITE but in their name, with advertising geared to capitalize on the secondary meaning associated with the WEBSITE.

265.    Defendants willfully and intentionally trade on, dilute, and tarnish the SERVICE MARKS and the reputation of the WEBSITE.

266.    By so diluting and tarnishing the SERVICE MARKS and the WEBSITE, the Defendants have violated the *California Business and Professions Code § 14330*.

267.    By reason of the acts of Defendants complained of herein, Plaintiff Pacific Information Resources is entitled to an injunction and all other relief against Defendants as provided for in *California Business and Professions Code § 14330*.

268.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

1   punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

2   amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

3        269.    Defendants have engaged in, continue to engage in, and unless restrained, will

4   continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

5   suffer great and irreparable injury, for which damages would not afford adequate relief, in that

6   said damages would not adequately compensate for the injury to Pacific Information Resources'

7   business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

8   conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

9   Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

10  and permanent injunctive relief against all Defendants' for their misconduct.

**TWENTY-NINTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

**Common Law Unfair Competition Against All Defendants)**

14       270.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

15  reference as if fully set forth herein the allegations set forth in paragraphs 1 through 269 above.

16       271.    Defendants have unlawfully, unfairly and deceptively engaged in a pattern of

17  conduct whereby they have used without the consent of Pacific Information Resources, the

18  confusingly similar variations or the actual SERVICE MARKS, TRADE NAMES and TRADE

19  DRESS associated with Plaintiff's WEBSITE.  Defendants have unlawfully and unfairly taken

20  the various intellectual and tangible properties of Plaintiff which are the results of Plaintiff's

21  organization and expenditures of labor, skill, time and money.   Defendants in appropriating

22  these tangible and intellectual properties of Pacific Information Resources, are "endeavoring to

23  reap what [they] have not sown" and these Defendants are free-riders seeking to enjoy the

24  "benefits of a good without having invested the time, money and effort of creating it."

25       272.    Defendants have, by unlawful, unfair and deceptive practices, represented and

26  advertised the WEBSITE as their own so as to cause confusion as to source and as a consequence

27

64

**THIRD AMENDED COMPLAINT**

28                                                       **CASE NO. C06-02306 MMC**

1   intentionally taken the customers of Pacific Information Resources from Pacific Information

2   Resources' WEBSITE.

3       273.   Defendants, and each of them, in performing the conduct complained of herein,

4   acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

5   Defendants, and each of them, are therefore guilty of malice and oppression in conscious

6   disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

7   punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

8   amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

9       274.   Defendants have engaged in, continue to engage in, and unless restrained, will

10   continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

11   suffer great and irreparable injury, for which damages would not afford adequate relief, in that

12   said damages would not adequately compensate for the injury to Pacific Information Resources'

13   business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

14   conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

15   Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

16   and permanent injunctive relief against all Defendants' for their misconduct.

**THIRTIETH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

**Common Law Misappropriation Against All Defendants)**

20       275.   Plaintiff Pacific Information Resources repeats, realleges and incorporates by

21   reference as if fully set forth herein the allegations set forth in paragraphs 1 through 274 above.

22       276.   Plaintiff Pacific Information Resources invested substantial time, skill, and money

23   in developing its property, namely, the WEBSITE as well as the SERVICE MARKS, TRADE

24   NAMES and TRADE DRESS associated with the WEBSITE.

25       277.   Defendants have improperly appropriated and used Pacific Information Resources'

26   property, namely, using substantially and confusingly similar marks as well as advertising a

27

28

65

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

website which is confusingly and substantially similar if not identical to the WEBSITE.
Therefore, Defendants have appropriated and are using Pacific Information Resources'
WEBSITE, SERVICE MARKS, TRADE NAMES and TRADE DRESS (collectively the
"INTELLECTUAL PROPERTY") at little or no cost to Defendants.

278.    Defendants' appropriation and use of Plaintiff Pacific Information Resources'
INTELLECTUAL PROPERTY was without the authorization or consent of Plaintiff Pacific
Information Resources.

279.    As a direct and proximate result of Defendants' unlawful conduct described
herein, Plaintiff has been damaged and injured in an amount which is unascertainable at this time
but which will be proven at trial.

280.    In doing the acts herein alleged, Defendants have acted with the intent to harm
Plaintiff and have acted with oppression, fraud, and malice and therefore Plaintiff is entitled to
punitive damages.  Defendants' actions are still ongoing and if not enjoined, will cause
irreparable harm to Pacific Information Resources in that the Defendants' unrestrained conduct
will lead to the ultimate demise and complete destruction of the WEBSITE and the complete
usurpation of Plaintiff's SERVICE MARKS, TRADE NAMES, and TRADE DRESS.  Damages
will be insufficient to compensate for such destruction of one's business and therefore Plaintiff
seeks immediate injunctive relief from this honorable Court.

281.    Defendants, and each of them, in performing the conduct complained of herein,
acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.
Defendants, and each of them, are therefore guilty of malice and oppression in conscious
disregard of Plaintiff Pacific Information Resources' INTELLECTUAL PROPERTY rights,
thereby warranting an assessment of punitive damages or exemplary damages or enhanced
damages to the extent allowed by law in an amount appropriate to punish Defendants and deter
others from engaging in similar misconduct.

1  282.   Defendants have engaged in, continue to engage in, and unless restrained, will

2 continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

3 suffer great and irreparable injury, for which damages would not afford adequate relief, in that

4 said damages would not adequately compensate for the injury to Pacific Information Resources'

5 business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

6 conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

7 Information Resources.  Accordingly, Plaintiff Pacific Information Resources is entitled to

8 preliminary and permanent injunctive relief against all Defendants' for their misconduct.

9               **THIRTY-FIRST CLAIM FOR RELIEF**

10 **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

11              **Common Law Conversion Against All Defendants)**

12  283.   Plaintiff Pacific Information Resources repeats, realleges and incorporates by

13 reference as if fully set forth herein the allegations set forth in paragraphs 1 through 282 above.

14  284.   Plaintiff Pacific Information Resources has an ownership or right to possession of

15 the property known as the WEBSITE, SERVICE MARKS, TRADE NAMES, and TRADE

16 DRESS.  Defendants have improperly, illegally, and without consent of Plaintiff Pacific

17 Information Resources misappropriated Pacific Information Resources' INTELLECTUAL

18 PROPERTY and have thereby caused Plaintiff to suffer damages.

19  285.   Accordingly, Defendants have wrongfully converted the intellectual property

20 rights of Plaintiff Pacific Information Resources for which illegal acts Pacific Information

21 Resources seeks damages that are unascertainable at this time.

22  286.   Defendants' acts were intentional and designed to harm Plaintiff.  Defendants' acts

23 were done with intentional, wanton, and willful disregard of Pacific Information Resources'

24 rights and accordingly such acts were willful and oppressive and therefore Plaintiff Pacific

25 Information Resources is entitled to punitive damages.

26

27                              67
**THIRD AMENDED COMPLAINT**
28                              **CASE NO. C06-02306 MMC**

287.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

288.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## THIRTY-SECOND CLAIM FOR RELIEF

### (For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Violations of *California Business and Professions Code § 17500* Against All Defendants)

289.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 288 above.

290.    Beginning at an exact date unknown to Plaintiff, but at least as early as May, 2005, Defendants have committed acts of untrue and misleading advertising, as defined by *California Business and Professions Code § 17500*, by engaging in the acts and practices described in paragraphs 1 - 288 herein, with intent to induce members of the public to enter into contracts for the purchase of services from Defendants related to Defendants' websites.  The websites of Defendants, and the services offered therein, are confusingly similar to the

68

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

1  WEBSITE of Plaintiff, whereby Defendants have replicated the links and content of Plaintiff's

2  WEBSITE.

3  291.    The acts of untrue and misleading advertising by Defendants described herein

4  present a continuing threat to members of the public in that the public will be deceived in

5  thinking that it is acquiring services from Defendants when in fact the consuming public

6  ("Internet consumers") will be under the belief that they are acquiring services from Plaintiff.

7  Plaintiff and other members of the public have no other adequate remedy at law in that damages

8  will not provide adequate compensation especially if Pacific Information Resources' business,

9  namely, the WEBSITE is ultimately destroyed by illegal activities and deceptive advertising

10  activities of Defendants.  Wherefore, Plaintiff prays for injunctive relief pursuant to *California*

11  *Business and Professions Code §§ 17200 and 17500*.

12  ### THIRTY-THIRD CLAIM FOR RELIEF

13  **(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For**

14  **Intentional Interference With Prospective Economic Advantage Against All Defendants)**

15  292.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

16  reference as if fully set forth herein the allegations set forth in paragraphs 1 through 291 above.

17  293.    Plaintiff is informed and believed, and thereon alleges, that Defendants knew of

18  the long-standing and past contractual and economic relationships that Pacific Information

19  Resources had with the Internet consumers who had been using the WEBSITE over the previous

20  ten (10) years.

21  294.    In collaborating to replicate the links and content of a website confusingly similar

22  to the WEBSITE, including infringing the SERVICE MARKS, TRADE NAMES, and TRADE

23  DRESS as well as engaging in false and deceptive advertising, Defendants have succeeded in

24  confusing and luring Internet consumers who normally would have contracted with Pacific

25  Information Resources at the WEBSITE, to instead contract with Defendants at their websites.

26

27

28

295.    Defendants knew of Pacific Information Resources' long-standing economic relationship with these Internet consumers and knew of Pacific Information Resources' expectancy based on the reputation popularity and ranking of Plaintiff's WEBSITE.

296.    Defendants knew that by their actions they were wrongfully interfering with, actively disrupting prospective economic advantages of Pacific Information Resources, and proximately causing damage to and disrupting long-standing relationships between the Internet consumers and Pacific Information Resources.  As a direct and proximate result of Defendants' conduct, Pacific Information Resources has been damaged in an amount that is unascertainable at this time but will be proven at trial.

297.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

298.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

## THIRTY-FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment and Imposition of Constructive Trust

### Against All Defendants)

299.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 298 above.

300.    By virtue of Defendants' unlawful and illegal acts described herein above, Defendants have become, are becoming, and will become unjustly enriched at the expense of Plaintiff whereby revenues and profits properly belonging to Plaintiff have been diverted to Defendants.

301.    By virtue of Defendants' improper and illegal conduct, Defendants have possession of intellectual property, namely, funds, revenues, and profits which rightfully belong to Plaintiff where by virtue of Defendants' wrongful acts, Defendants hold such property and funds as a constructive trustee for the benefit of Plaintiff.

302.    Accordingly, Plaintiff requests an order from this Court as follows:

a.    Declaring that Defendants hold such property described above in trust for Plaintiff;

b.    Declaring Plaintiff the owner of such property;

c.    Compelling Defendants to transfer, convey, or deliver all such property and funds to Plaintiff; and,

d.    Compelling Defendants to submit to an equitable audit regarding the amounts by which they have been unjustly enriched.

303.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

71

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

1    punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

2    amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

3         304.    Defendants have engaged in, continue to engage in, and unless restrained, will

4    continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

5    suffer great and irreparable injury, for which damages would not afford adequate relief, in that

6    said damages would not adequately compensate for the injury to Pacific Information Resources'

7    business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

8    conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

9    Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

10   and permanent injunctive relief against all Defendants' for their misconduct.

### THIRTY-FIFTH CLAIM FOR RELIEF

### (For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For
### Violation of *15 U.S.C. § 1125(a)*: Unfair Competition
### Against All Defendants)

15        305.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by

16   reference as if fully set forth herein the allegations set forth in paragraphs 1 through 304 above.

17        306.    Defendants' use of copies of the SERVICE MARKS, TRADE NAMES, and/or

18   TRADE DRESS or of deceptively and confusingly similar variations of the SERVICE MARKS,

19   TRADE NAMES, and/or TRADE DRESS  constitutes passing off, infringement, and

20   misappropriation of the SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS in

21   violation of *15 U.S.C. § 1125(a)*.

22        307.    By reason of the foregoing, Plaintiff Pacific Information Resources has been

23   irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the

24   remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble

25   damages, injunctive relief, and attorney's fees.

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

308.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

309.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Plaintiff Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

THIRTY-SIXTH CLAIM FOR RELIEF

(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For

SERVICE MARK Dilution in Violation of *15 U.S.C. § 1125( c)*

Against All Defendants)

310.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 309 above.

311.    The SERVICE MARKS of the WEBSITE have been famous and distinctive from at least as early as 1996.

312.    Defendants' use of the SERVICE MARKS or of versions of the SERVICE MARKS which are deceptively and confusingly similar, in connection with the counterfeit and infringing service dilutes the distinctive quality of and tarnishes the public image of the SERVICE MARKS and the WEBSITE, and harms the reputation of the WEBSITE.

73

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

313.     The Defendants attempt to replicate the links and content of the WEBSITE with advertising geared to capitalize on the secondary meaning associated with the WEBSITE.

314.     Defendants willfully and intentionally trade on, dilute, and tarnish the SERVICE MARKS and the reputation of the WEBSITE.

315.     By so diluting and tarnishing the SERVICE MARKS and the WEBSITE, the Defendants have violated the Federal SERVICE MARKS Dilution Act of 1995, *Section 43(c)* of the Lanham Act, *15 U.S.C. § 1125(c)*.

316.     By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

317.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.  Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

318.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**THIRTY-SEVENTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Cyberpiracy Under Anticybersquatting Consumer Protection Act *15 U.S.C. § 1125(d)*-Against All Defendants)**

319.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 318 above.

320.    Defendants' use of deceptive and confusingly similar variations and copies of the SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS,  including but not limited to Plaintiff's website URL, www.searchsystems.net, as described hereinabove are:

a            Infringing uses in interstate commerce of words and/or symbols;

b.           False designations of origin, and/or a false description or representation;

c.           Dilutive of Plaintiff's SERVICE MARKS, which have achieved sufficient recognition to be classified as "famous" under *15 U.S.C. § 1125(c)*; and

d.           Accordingly demonstrates bad faith intentions by the Defendants to profit from Plaintiff's SERVICE MARKS.

321.    Indeed, such conduct by the Defendants is likely to cause confusion, to cause mistake, to deceive the public into the affiliation of Defendants with Pacific Information Resources and/or its WEBSITE, SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS or as to the origin, sponsorship, or approval of the Defendants website and the WEBSITE.  Such use has already misled and deceived, and will continue to mislead and deceive, the public into believing that the Defendants' counterfeit and infringing services originate with Pacific Information Resources, are licensed by Pacific Information Resources or are in some way sanctioned by, or otherwise affiliated with, the services of Pacific Information Resources or its WEBSITE, SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS.

322.    Defendants' unauthorized association of the counterfeit and infringing activities with Pacific Information Resources and/or its WEBSITE, SERVICE MARKS, TRADE NAMES,

and/or TRADE DRESS will cause such damage that Pacific Information Resources will be irreparably harmed.

323.    By so imitating, counterfeiting, and infringing the WEBSITE, SERVICE MARKS, TRADE NAMES, and/or TRADE DRESS of Pacific Information Resources in interstate commerce, the Defendants have engaged and continue to engage in cyberpiracy, resulting in repeated violations of Section 43(d) of the Lanham Act, *15 U.S.C. § 1125(d)*.

324.    By reason of the foregoing, Plaintiff Pacific Information Resources has been irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in *15 U.S.C. §§ 1125 et seq.*, including but not limited to damages, treble damages, injunctive relief, and attorney's fees.

325.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

326.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

**THIRTY-EIGHTH CLAIM FOR RELIEF**

**(For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Cyberpiracy Under Anticybersquatting Consumer Protection Act-*15 U.S.C. § 1125(d)*-Contributory Liability Against All Defendants)**

327.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 326 above.

328.    The individual Defendants had or have knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the individual Defendants induced, caused or materially contributed to the illegal or infringing conduct of the corporate Defendants named herein.  These individual Defendants are corporate officers of the corporate Defendants and thus are the moving, active conscious forces behind the corporate Defendants' illegal actions.

329.    Individual Defendants, Adrian Pereira, Elton Pereira and Jason-Leo Carvalho are corporate officers of Defendant Paretologic, Inc. and in their capacity as corporate officers are the moving, active conscious forces behind Defendant Paretologic, Inc.'s illegal actions described herein.

330.    Indeed, such officers are personally liable as contributor infringers where they normally engage in personal conduct that encourages or assists the illegal activity.

331.    Individual Defendants Alexei Borisov and Levon Gasparian are corporate officers of Defendant Airon Corporation.  In their capacities as officers of corporate Defendant Airon Corporation, they had or have knowledge of the infringing activity of Airon, thus inducing, causing or materially contributing to the infringing conduct of Defendant Airon Corporation.  As corporate officers of Defendant Airon, Defendants Borisov and Gasparian are the moving, active conscious forces behind Airon's illegal activities described herein and it is immaterial whether these individuals are aware that their acts would result in the illegal activities including but not limited to infringement described herein.  Indeed Plaintiff is informed and believes and thereon alleges that the individual Defendants knowingly engaged in personal conduct that encourages or

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

1  assists the past and present illegal conduct of Defendant Airon Corporation described herein.

2  Moreover, the individual Defendants Borisov and Gasparian Plaintiff is informed and believes

3  and thereon alleges had actual knowledge or reason to know of the infringing and illegal

4  activities of Airon Corporation.

5      332.    Individual Defendants Linda K. Rosson, Matthew Rosson and Barry T. Rosson

6  are controlling members or managers of the corporate Defendant Rosson Ventures, LLC.

7  Plaintiff is informed and believes and thereon alleges that the individual Rosson Defendants have

8  knowledge of the illegal activities of Rosson Ventures, LLC whereby the individual Rosson

9  Defendants induce, cause and materially contribute to the illegal conduct of Defendant Rosson

10  Ventures, LLC in that the individual Rosson Defendants are the moving, active conscious forces

11  behind the illegal activities of Rosson Ventures, LLC.

12     333.    Plaintiff is informed and believes and thereon alleges that the Rosson Defendants

13  engage in personal conduct that encourages or assists the illegal activities of corporate Defendant

14  Rosson Ventures, LLC.

15     334.    Plaintiff is therefore informed and believes and thereon alleges that the conduct of

16  the individual Defendants named herein materially induced, caused or contributed to the illegal

17  conduct of the corporate Defendants described herein, and each of the individual Defendants,

18  with a knowing or intentional state of mind, contributed to the conduct constituting the illegal

19  violations alleged herein by the corporate Defendants.

20     335.    Defendants, and each of them, in performing the conduct complained of herein,

21  acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

22  Defendants, and each of them, are therefore guilty of malice and oppression in conscious

23  disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

24  punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

25  amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

26

27

28

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

336.    Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Pacific Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

### THIRTY-NINTH CLAIM FOR RELIEF

### (For Injunctive Relief, Damages, Attorneys' Fees, Litigation Costs, and Other Relief For Cyberpiracy Under Anticybersquatting Consumer Protection Act-*15 U.S.C. § 1125(d)*-Vicarious Liability Against All Defendants)

337.    Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 336 above.

338.    Assuming, *arguendo*, that the individual Defendants named herein did not have actual or direct knowledge of the illegal activity of the corporate Defendants, the individual Defendants named herein are vicariously liable for the violation of *15 U.S.C. § 1114* in that Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein could control the illegal conduct and obtain a direct financial benefit from the illegal conduct of the corporate Defendants.

339.    Plaintiff is informed and believes and thereon alleges that the individual Defendants named herein have the right and abilities to supervise the illegal activity and also have a direct financial interest in the activities of the corporate Defendants in which they are affiliated or controlled as an officer or principal shareholder or member or manager.

340.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

1    Defendants, and each of them, are therefore guilty of malice and oppression in conscious

2    disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

3    punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

4    amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

5        341.   Defendants have engaged in, continue to engage in, and unless restrained, will

6    continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

7    suffer great and irreparable injury, for which damages would not afford adequate relief, in that

8    said damages would not adequately compensate for the injury to Pacific Information Resources'

9    business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

10   conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

11   Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

12   and permanent injunctive relief against all Defendants' for their misconduct.

**FORTIETH CLAIM FOR RELIEF**

**(For Misappropriation of Proprietary and Confidential Business Information (Trade Secrets) - *15 U.S.C. § 1125(a)* - Against All Defendants)**

16       342.   Plaintiff Pacific Information Resources repeats, realleges and incorporates by

17   reference as if fully set forth herein the allegations set forth in paragraphs 1 through 341 above.

18       343.   Defendants' acts and conduct, and that of each of them, as alleged herein,

19   constitute or comprise acts of misappropriation of proprietary and confidential business

20   information (trade secrets) in violation of *15 U.S.C. § 1125(a)*.

21       344.   By reason of the foregoing, Plaintiff Pacific Information Resources has been

22   irreparably harmed and will continue to be irreparably harmed.  Plaintiff is entitled to the

23   remedies provided in for in *15 U.S.C. § 1116 et seq.*, including but not limited to damages, treble

24   damages, injunctive relief, and attorney's fees.

25       345.   Defendants, and each of them, in performing the conduct complained of herein,

26   acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

27

80

**THIRD AMENDED COMPLAINT**

28                                                                    **CASE NO. C06-02306 MMC**

1   Defendants, and each of them, are therefore guilty of malice and oppression in conscious

2   disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

3   punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

4   amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

5       346.   Defendants have engaged in, continue to engage in, and unless restrained, will

6   continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

7   suffer great and irreparable injury, for which damages would not afford adequate relief, in that

8   said damages would not adequately compensate for the injury to Pacific Information Resources'

9   business operations, reputation, goodwill, and customer base.  Consequently, Defendants'

10  conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific

11  Information Resources.  Accordingly, Pacific Information Resources is entitled to preliminary

12  and permanent injunctive relief against all Defendants' for their misconduct.

13              **FORTY-FIRST CLAIM FOR RELIEF**

14  **(For Misappropriation of Trade Secrets - *Cal. Civ. Code § 3426.1* - Against All Defendants)**

15      347.   Plaintiff Pacific Information Resources repeats, realleges and incorporates by

16  reference as if fully set forth herein the allegations set forth in paragraphs 1 through 346 above.

17      348.   Defendants' acts and conduct, and that of each of them, as alleged herein,

18  constitute misappropriation of trade secrets as set forth under *Cal. Civ. Code § 3426.1, et. seq*.

19      349.   Defendants, and each of them, in performing the conduct complained of herein,

20  acted willfully and with intent to cause injury to Plaintiff Pacific Information Resources.

21  Defendants, and each of them, are therefore guilty of malice and oppression in conscious

22  disregard of Plaintiff Pacific Information Resources' rights, thereby warranting an assessment of

23  punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an

24  amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

25      350.   Defendants have engaged in, continue to engage in, and unless restrained, will

26  continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will

27

28

suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Pacific Information Resources' business operations, reputation, goodwill, and customer base. Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Pacific Information Resources. Accordingly, Pacific Information Resources is entitled to preliminary and permanent injunctive relief against all Defendants' for their misconduct.

## FORTY-SECOND CLAIM FOR RELIEF

### (For Injunctive Relief and Relief in the Nature of Restitutionary Relief for Unfair Competition - *Cal. Bus. & Prof. C. § 17200* - Against All Defendants)

351.   Plaintiff Pacific Information Resources repeats, realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 350 above.

352.   Defendants' acts and conduct, and that of each of them, as alleged herein, constitute or comprise unfair, unlawful, and fraudulent business practices in violation of *Cal. Bus. & Prof. C. § 17200*.

353.   Defendants' wrongful acts and conduct, and those of each of them, as alleged herein, have proximately caused and will continue to cause Plaintiff substantial injury, including (but not limited to) loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its confidential information and other proprietary data. As a result and consequence thereof, Plaintiff will suffer imminent, irreparable harm and injury, the amount of which would be difficult, if not impossible, to ascertain in monetary damages. Plaintiff therefore is without an adequate remedy at law. Plaintiff therefore is entitled to an injunction restraining and enjoining Defendants, and each of them, together with their officers, agents, employees, and all persons acting in concert with them, from engaging in further such unlawful conduct.

354.   Plaintiff has spent considerable amounts of time, effort and money on the development of its website. As a result of their unlawful activities, Defendants, and each of

them, have, in economic terms, experienced a "free ride" on all of Plaintiff's work and effort. Furthermore, Defendants, and each of them, have diverted Plaintiff's customers to their own sites, and as a result have not only realized revenue from those customers, but also increased advertising revenue as a result of higher page views. In addition to injunctive relief, Plaintiff therefore also seeks the full complement of restitutionary relief permissible under *Cal. Bus. & Prof. C. § 17200*.

355. Defendants' illegal conduct has caused and will continue to cause actual and irreparable harm and damage to the financial and economic vitality of Plaintiff Pacific Information Resources. By reason of the foregoing, Plaintiff has been damaged in the amount that is unascertainable at this time, and Plaintiff will continue to be damaged unless Defendants are preliminarily and permanently enjoined from continuing their illegal conduct complained of herein, as Plaintiff has no adequate remedy in law. In the event of trial on the foregoing, Plaintiff will attempt to present sufficient evidence of the amount it has been damaged at that time.

## PRAYER

WHEREFORE, Plaintiff Pacific Information Resources demands that judgment be entered against each of the Defendants as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For General and Special damages to be proven at trial, to the extent allowed by law;

2. For injunctive relief to the extent allowed by law;

3. For attorney's fees and costs to the extent allowed by law;

4. For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

### ON THE SECOND CLAIM FOR RELIEF

1. For General and Special damages to be proven at trial, to the extent allowed by law;

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

1     2.     For injunctive relief to the extent allowed by law;

2     3.     For attorney's fees and costs to the extent allowed by law;

3     4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

4 damages to the extent allowed by law;

5                 **ON THE THIRD CLAIM FOR RELIEF**

6     1.     For General and Special damages to be proven at trial, to the extent allowed by

7 law;

8     2.     For injunctive relief to the extent allowed by law;

9     3.     For attorney's fees and costs to the extent allowed by law;

10    4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

11 damages to the extent allowed by law;

12              **ON THE FOURTH CLAIM FOR RELIEF**

13    1.     For General and Special damages to be proven at trial, to the extent allowed by

14 law;

15    2.     For injunctive relief to the extent allowed by law;

16    3.     For attorney's fees and costs to the extent allowed by law;

17    4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

18 damages to the extent allowed by law;

19              **ON THE FIFTHCLAIM FOR RELIEF**

20    1.     For General and Special damages to be proven at trial, to the extent allowed by

21 law;

22    2.     For injunctive relief to the extent allowed by law;

23    3.     For attorney's fees and costs to the extent allowed by law;

24    4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

25 damages to the extent allowed by law;

26

27                         84

**THIRD AMENDED COMPLAINT**

28                             **CASE NO. C06-02306 MMC**

**ON THE SIXTH CLAIM FOR RELIEF**

1.      For General and Special damages to be proven at trial, to the extent allowed by law;

2.      For injunctive relief to the extent allowed by law;

3.      For attorney's fees and costs to the extent allowed by law;

4.      For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE SEVENTH CLAIM FOR RELIEF**

1.      For General and Special damages to be proven at trial, to the extent allowed by law;

2.      For injunctive relief to the extent allowed by law;

3.      For attorney's fees and costs to the extent allowed by law;

4.      For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE EIGHTH CLAIM FOR RELIEF**

1.      For General and Special damages to be proven at trial, to the extent allowed by law;

2.      For injunctive relief to the extent allowed by law;

3.      For attorney's fees and costs to the extent allowed by law;

4.      For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

**ON THE NINTH CLAIM FOR RELIEF**

1.      For General and Special damages to be proven at trial, to the extent allowed by law;

2.      For injunctive relief to the extent allowed by law;

3.      For attorney's fees and costs to the extent allowed by law;

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

1       4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

2  damages to the extent allowed by law;

3                **ON THE TENTH CLAIM FOR RELIEF**

4       1.     For General and Special damages to be proven at trial, to the extent allowed by

5  law;

6       2.     For injunctive relief to the extent allowed by law;

7       3.     For attorney's fees and costs to the extent allowed by law;

8       4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

9  damages to the extent allowed by law;

10              **ON THE ELEVENTH CLAIM FOR RELIEF**

11       1.     For General and Special damages to be proven at trial, to the extent allowed by

12  law;

13       2.     For injunctive relief to the extent allowed by law;

14       3.     For attorney's fees and costs to the extent allowed by law;

15       4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

16  damages to the extent allowed by law;

17              **ON THE TWELFTH CLAIM FOR RELIEF**

18       1.     For General and Special damages to be proven at trial, to the extent allowed by

19  law;

20       2.     For injunctive relief to the extent allowed by law;

21       3.     For attorney's fees and costs to the extent allowed by law;

22       4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

23  damages to the extent allowed by law;

24             **ON THE THIRTEENTH CLAIM FOR RELIEF**

25       1.     For General and Special damages to be proven at trial, to the extent allowed by

26  law;

27

28

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

1       2.       For injunctive relief to the extent allowed by law;

2       3.       For attorney's fees and costs to the extent allowed by law;

3       4.       For punitive damages, or exemplary damages, or enhanced damages, or treble

4 damages to the extent allowed by law;

5             **ON THE FOURTEENTH CLAIM FOR RELIEF**

6       1.       For General and Special damages to be proven at trial, to the extent allowed by

7 law;

8       2.       For injunctive relief to the extent allowed by law;

9       3.       For attorney's fees and costs to the extent allowed by law;

10      4.       For punitive damages, or exemplary damages, or enhanced damages, or treble

11 damages to the extent allowed by law;

12            **ON THE FIFTEENTH CLAIM FOR RELIEF**

13      1.       For General and Special damages to be proven at trial, to the extent allowed by

14 law;

15      2.       For injunctive relief to the extent allowed by law;

16      3.       For attorney's fees and costs to the extent allowed by law;

17      4.       For punitive damages, or exemplary damages, or enhanced damages, or treble

18 damages to the extent allowed by law;

19            **ON THE SIXTEENTH CLAIM FOR RELIEF**

20      1.       For General and Special damages to be proven at trial, to the extent allowed by

21 law;

22      2.       For injunctive relief to the extent allowed by law;

23      3.       For attorney's fees and costs to the extent allowed by law;

24      4.       For punitive damages, or exemplary damages, or enhanced damages, or treble

25 damages to the extent allowed by law;

26           **ON THE SEVENTEENTH CLAIM FOR RELIEF**

27

87

**THIRD AMENDED COMPLAINT**

28                    **CASE NO. C06-02306 MMC**

1.    For General and Special damages to be proven at trial, to the extent allowed by law;

2.    For injunctive relief to the extent allowed by law;

3.    For attorney's fees and costs to the extent allowed by law;

4.    For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE EIGHTEENTH CLAIM FOR RELIEF

1.    For General and Special damages to be proven at trial, to the extent allowed by law;

2.    For injunctive relief to the extent allowed by law;

3.    For attorney's fees and costs to the extent allowed by law;

4.    For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE NINETEENTH CLAIM FOR RELIEF

1.    For General and Special damages to be proven at trial, to the extent allowed by law;

2.    For injunctive relief to the extent allowed by law;

3.    For attorney's fees and costs to the extent allowed by law;

4.    For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE TWENTIETH CLAIM FOR RELIEF

1.    For General and Special damages to be proven at trial, to the extent allowed by law;

2.    For injunctive relief to the extent allowed by law;

3.    For attorney's fees and costs to the extent allowed by law;

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

1        4.      For punitive damages, or exemplary damages, or enhanced damages, or treble

2  damages to the extent allowed by law;

3               **ON THE TWENTY-FIRST CLAIM FOR RELIEF**

4        1.      For General and Special damages to be proven at trial, to the extent allowed by

5  law;

6        2.      For injunctive relief to the extent allowed by law;

7        3.      For attorney's fees and costs to the extent allowed by law;

8        4.      For punitive damages, or exemplary damages, or enhanced damages, or treble

9  damages to the extent allowed by law;

10              **ON THE TWENTY-SECOND CLAIM FOR RELIEF**

11        1.      For General and Special damages to be proven at trial, to the extent allowed by

12  law;

13        2.      For injunctive relief to the extent allowed by law;

14        3.      For attorney's fees and costs to the extent allowed by law;

15        4.      For punitive damages, or exemplary damages, or enhanced damages, or treble

16  damages to the extent allowed by law;

17              **ON THE TWENTY-THIRD CLAIM FOR RELIEF**

18        1.      For General and Special damages to be proven at trial, to the extent allowed by

19  law;

20        2.      For injunctive relief to the extent allowed by law;

21        3.      For attorney's fees and costs to the extent allowed by law;

22        4.      For punitive damages, or exemplary damages, or enhanced damages, or treble

23  damages to the extent allowed by law;

24              **ON THE TWENTY-FOURTH CLAIM FOR RELIEF**

25        1.      For General and Special damages to be proven at trial, to the extent allowed by

26  law;

27

28

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

1      2.      For injunctive relief to the extent allowed by law;

2      3.      For attorney's fees and costs to the extent allowed by law;

3      4.      For punitive damages, or exemplary damages, or enhanced damages, or treble

4  damages to the extent allowed by law;

5                     **ON THE TWENTY-FIFTH CLAIM FOR RELIEF**

6      1.      For General and Special damages to be proven at trial, to the extent allowed by

7  law;

8      2.      For injunctive relief to the extent allowed by law;

9      3.      For attorney's fees and costs to the extent allowed by law;

10     4.      For punitive damages, or exemplary damages, or enhanced damages, or treble

11  damages to the extent allowed by law;

12                    **ON THE TWENTY-SIXTH CLAIM FOR RELIEF**

13     1.      For General and Special damages to be proven at trial, to the extent allowed by

14  law;

15     2.      For injunctive relief to the extent allowed by law;

16     3.      For attorney's fees and costs to the extent allowed by law;

17     4.      For punitive damages, or exemplary damages, or enhanced damages, or treble

18  damages to the extent allowed by law;

19                 **ON THE TWENTY-SEVENTH CLAIM FOR RELIEF**

20     1.      For General and Special damages to be proven at trial, to the extent allowed by

21  law;

22     2.      For injunctive relief to the extent allowed by law;

23     3.      For attorney's fees and costs to the extent allowed by law;

24     4.      For punitive damages, or exemplary damages, or enhanced damages, or treble

25  damages to the extent allowed by law;

26

27

28

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

## ON THE TWENTY-EIGHTH CLAIM FOR RELIEF

1.     For General and Special damages to be proven at trial, to the extent allowed by law;

2.     For injunctive relief to the extent allowed by law;

3.     For attorney's fees and costs to the extent allowed by law;

4.     For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE TWENTY-NINTH CLAIM FOR RELIEF

1.     For General and Special damages to be proven at trial, to the extent allowed by law;

2.     For injunctive relief to the extent allowed by law;

3.     For attorney's fees and costs to the extent allowed by law;

4.     For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE THIRTIETH CLAIM FOR RELIEF

1.     For General and Special damages to be proven at trial, to the extent allowed by law;

2.     For injunctive relief to the extent allowed by law;

3.     For attorney's fees and costs to the extent allowed by law;

4.     For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE THIRTY-FIRST CLAIM FOR RELIEF

1.     For General and Special damages to be proven at trial, to the extent allowed by law;

2.     For injunctive relief to the extent allowed by law;

3.     For attorney's fees and costs to the extent allowed by law;

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

1    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

2  damages to the extent allowed by law;

3                    **ON THE THIRTY-SECOND CLAIM FOR RELIEF**

4    1.    For General and Special damages to be proven at trial, to the extent allowed by

5  law;

6    2.    For injunctive relief to the extent allowed by law;

7    3.    For attorney's fees and costs to the extent allowed by law;

8    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

9  damages to the extent allowed by law;

10                   **ON THE THIRTY-THIRD CLAIM FOR RELIEF**

11    1.    For General and Special damages to be proven at trial, to the extent allowed by

12  law;

13    2.    For injunctive relief to the extent allowed by law;

14    3.    For attorney's fees and costs to the extent allowed by law;

15    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

16  damages to the extent allowed by law;

17                   **ON THE THIRTY-FOURTH CLAIM FOR RELIEF**

18    1.    For General and Special damages to be proven at trial, to the extent allowed by

19  law;

20    2.    For injunctive relief to the extent allowed by law;

21    3.    For attorney's fees and costs to the extent allowed by law;

22    4.    For punitive damages, or exemplary damages, or enhanced damages, or treble

23  damages to the extent allowed by law;

24                   **ON THE THIRTY-FIFTH CLAIM FOR RELIEF**

25    1.    For General and Special damages to be proven at trial, to the extent allowed by

26  law;

27                                        92

**THIRD AMENDED COMPLAINT**

28                                              **CASE NO. C06-02306 MMC**

1   2.   For injunctive relief to the extent allowed by law;

2   3.   For attorney's fees and costs to the extent allowed by law;

3   4.   For punitive damages, or exemplary damages, or enhanced damages, or treble

4 damages to the extent allowed by law;

5       **ON THE THIRTY-SIXTH CLAIM FOR RELIEF**

6   1.   For General and Special damages to be proven at trial, to the extent allowed by

7 law;

8   2.   For injunctive relief to the extent allowed by law;

9   3.   For attorney's fees and costs to the extent allowed by law;

10   4.   For punitive damages, or exemplary damages, or enhanced damages, or treble

11 damages to the extent allowed by law;

12      **ON THE THIRTY-SEVENTH CLAIM FOR RELIEF**

13   1.   For General and Special damages to be proven at trial, to the extent allowed by

14 law;

15   2.   For injunctive relief to the extent allowed by law;

16   3.   For attorney's fees and costs to the extent allowed by law;

17   4.   For punitive damages, or exemplary damages, or enhanced damages, or treble

18 damages to the extent allowed by law;

19      **ON THE THIRTY-EIGHTH CLAIM FOR RELIEF**

20   1.   For General and Special damages to be proven at trial, to the extent allowed by

21 law;

22   2.   For injunctive relief to the extent allowed by law;

23   3.   For attorney's fees and costs to the extent allowed by law;

24   4.   For punitive damages, or exemplary damages, or enhanced damages, or treble

25 damages to the extent allowed by law;

26

27            93

         **THIRD AMENDED COMPLAINT**

28           **CASE NO. C06-02306 MMC**

## ON THE THIRTY-NINTH CLAIM FOR RELIEF

1.    For General and Special damages to be proven at trial, to the extent allowed by law;

2.    For injunctive relief to the extent allowed by law;

3.    For attorney's fees and costs to the extent allowed by law;

4.    For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE FORTIETH CLAIM FOR RELIEF

1.    For General and Special damages to be proven at trial, to the extent allowed by law;

2.    For injunctive relief to the extent allowed by law;

3.    For attorney's fees and costs to the extent allowed by law;

4.    For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE FORTY-FIRST CLAIM FOR RELIEF

1.    For General and Special damages to be proven at trial, to the extent allowed by law;

2.    For injunctive relief to the extent allowed by law;

3.    For attorney's fees and costs to the extent allowed by law;

4.    For punitive damages, or exemplary damages, or enhanced damages, or treble damages to the extent allowed by law;

## ON THE FORTY-SECOND CLAIM FOR RELIEF

1.    For General and Special damages to be proven at trial, to the extent allowed by law;

2.    For injunctive relief to the extent allowed by law;

3.    For attorney's fees and costs to the extent allowed by law;

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

1     4.     For punitive damages, or exemplary damages, or enhanced damages, or treble

2  damages to the extent allowed by law;

3                   **ON ALL CAUSES OF ACTION**

4     1.     That the Defendants, their officers, agents, servants, employees, heirs, assigns,

5  successors-in-interest, and all persons in concert or participation with the Defendants be

6  preliminarily and permanently enjoined from:

7          a.     infringing Plaintiff Pacific Information Resources' registered SERVICE

8  MARKS;

9          b.     infringing Plaintiff Pacific Information Resources' unregistered SERVICE

10  MARKS which have become distinctive in the public's mind and cause the public to associate

11  Plaintiff Pacific Information Resources' services and Website with the SERVICE MARKS;

12          c.     infringing Plaintiff Pacific Information Resources' unregistered TRADE

13  NAMES which have become distinctive in the public's mind and cause the public to associate

14  Plaintiff Pacific Information Resources' services and Website with the TRADE NAMES;

15          d.     selling or marketing services in any way that tends to deceive, mislead, or

16  confuse the public into believing that the Defendants' service is in any way sanctioned by or

17  affiliated with Plaintiff Pacific Information Resources' Website;

18          e.     diluting the distinctive quality of Pacific Information Resources'

19  SERVICE MARKS, TRADE NAMES, TRADE DRESS and the Website;

20          f.     otherwise competing unfairly with Plaintiff Pacific Information Resources

21  or the Website;

22          h.     infringing Plaintiff Pacific Information Resources' copyrights relating to or

23  concerning its Website and Source Code.

24     2.     That the Defendants be directed to file with this Court and serve on the Plaintiff

25  within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth

26  in detail the manner and form in which the Defendants have complied with the injunction.

27

28

**THIRD AMENDED COMPLAINT**

**CASE NO. C06-02306 MMC**

3.      That the Defendants be required to account for and pay over to Plaintiff Pacific Information Resources all gains, profits, and advantages realized from the illegal activities described hereinabove, including, but not limited to, the sale of services by Defendants that involved (directly or indirectly) infringing the SERVICE MARKS and Copyrights of Plaintiff.

4.      That the Defendants be required to pay to Plaintiff Pacific Information Resources such damages as Plaintiff Pacific Information Resources has sustained as a consequence of the Defendants' acts of copyright infringement, technological circumvention, computer fraud, cybersquatting, service mark counterfeiting, service mark infringement, false advertising, service mark dilution, unfair competition, deceptive and unfair practices, including multiple damages, or enhanced damages, or exemplary damages or punitive damages to the extent allowed by the applicable laws.

5.      That the Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing copies, imitations, or reproductions, including confusingly similar variations of, the SERVICE MARKS, TRADE NAMES, or TRADE DRESS, WEBSITE and SOURCE CODE.

6.      That the Defendants be required to pay Plaintiff Pacific Information Resources costs, expenses, and reasonable attorney fees in connection with this action, as provided in the various applicable statutes.

7.      That Plaintiff Pacific Information Resources have such other, further, and different relief as this Court deems just and proper.

                                                    Respectfully submitted,

Dated: January 25, 2007                             **NOVO LAW GROUP, P.C.**


                                                    /s/ Konrad L. Trope, Esq.
                                                    Attorneys for Plaintiff PACIFIC
                                                    INFORMATION RESOURCES,
                                                    INC.

96
**THIRD AMENDED COMPLAINT**
                                                    **CASE NO. C06-02306 MMC**

# PROOF OF SERVICE

I am employed in the County of Orange, State of California in the office of a member of the Bar of this Court at whose direction this service was made.  I am over the age of 18 and not a party to the within action; my business address is: **4199 Campus Drive, Suite 550, Irvine, California 92616**

On **January 25, 2007**, I served the foregoing document described as:

**THIRD AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, ATTORNEYS' FEES, LITIGATION FEES, OTHER RELIEF, AND JURY DEMAND**

on the interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

### *SEE ATTACHED SERVICE LIST*

**XX**  **BY MAIL:**  I deposited such envelope in the mail at Irvine, California as indicated on the attached Mailing List.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand to the addressee at the address on the attached Mailing List.

**BY FEDEX:**  I deposited such envelopes at Irvine, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.  I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express.  They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

**BY FACSIMILE:**  I transmitted the foregoing document by facsimile to the party(s) identified above by using the facsimile number(s) indicated.  Said transmission(s) were verified as complete and without error.

**XX**  **BY INTERNET/E-MAIL:** I certify that on January 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing as indicated on the attached Mailing List.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 25, 2007**, at Irvine, California.

/s/
J. Renée Nordyke

97

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

**SERVICE LIST:**
*Pacific Information Resources v Musselman, et. al.*
Case No. C06-02306 MMC

**VIA U.S. MAIL**

Arnold Kuenn
13615 North 2nd Street
Phoenix, AZ 85022

**VIA U.S. MAIL**

Andrea Kuenn
13615 North 2nd Street
Phoenix, AZ 85022

**VIA U.S. MAIL**

MediaChoice, Inc.
13615 North 2nd Street
Phoenix, AZ 85022

_____

**VIA ELECTRONIC NOTIFICATION**

Duncan C. Turner, Esq.                    Attorneys for Defendants Alexei Borisov,
Badgley~Mullins Law Group                 Levon Gasparian and Airon Corp.
701 5th Avenue, Suite 4750
Seattle, WA 98104
Tel: (206) 621-6566
Fax: (206) 621-9686
email: duncanturner@badgleymullins.com
email: courtnotices@badgleymullins.com

**VIA ELECTRONIC NOTIFICATION**

Steven J. Rood, Esq.
Attorney at Law
405 14th Street, Suite 212
Oakland, CA 94612
Tel: (510) 839-0900
Fax: (510) 839-0230
email: steve@steverood.com

_____

**VIA U.S. MAIL**

Barry Rosson
5100 Larkwood Road
Lincoln, NE 68516

_____
98
**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**

**VIA U.S. MAIL**

Linda Rosson
5100 Larkwood Road
Lincoln, NE 68516

**VIA U.S. MAIL**

Matthew Rosson
5100 Larkwood Road
Lincoln, NE 68516

**VIA U.S. MAIL**

Rosson Ventures, LLC
5100 Larkwood Road
Lincoln, NE 68516

---

**VIA ELECTRONIC NOTIFICATION**

Jack D. Hull, Esq.                                    Attorneys for Diana Musselman
Goldsmith & Hull
16000 Ventura Blvd., Suite 900
Encino, CA 91436
Tel: (818) 990-6600 x 223
Fax: (818) 990-6140
email: JHull@goldsmithcalaw.com

**VIA ELECTRONIC NOTIFICATION**

John W. Dozier, Jr.
Dozier Internet Law, P.C.
301 Concourse Boulevard
West Shore III, Suite 300
Glen Allen, VA 23059
Tel: (804) 346-9770
Fax: (804-346-0800
email: jwd@cybertriallawyer.com
email: lisa@cybertriallawyer.com

---

**VIA ELECTRONIC NOTIFICATION**

Russell Petti, Esq.                                   Attorneys for Renee Dunbar a.k.a.
Law Offices of Russell Petti                          Renee Beal, Peter Dunbar,
466 Foothill Blvd. # 389                              Adrian Pereira, Elton Pereira,
La Canada, California 91011                           Jason-Leo Carvalho and Paretologic, Inc.
Tel: (818) 952-2168
Fax: (818) 952-2186
email:  Rpetti@petti-legal.com

**THIRD AMENDED COMPLAINT**
**CASE NO. C06-02306 MMC**