1  Thanasi Preovolos, State Bar Number 182334
   PREOVOLOS & ASSOCIATES, ALC
2  401 B Street, Suite 1520
   San Diego, California 92101
3  Telephone: (619) 696-0520
   Fax: (619) 238-5344
4

5  Attorney for Defendants/Counterclaimants Rosson Ventures, LLC;
   Matthew Rosson; Linda K. Rosson; and Barry T. Rosson
6

7
            UNITED STATES DISTRICT COURT
8
            NORTHERN DISTRICT OF CALIFORNIA
9

10

11  PACIFIC INFORMATION RESOURCES,   )   Case No. C074394 JCS
12  INC.,                             )
              Plaintiff,              )
13  vs.                               )   DEFENDANTS COUNTERCLAIM FOR
    ROSSON VENTURES, LLC; MATTHEW    )   BREACH OF CONTRACT
14  ROSSON, an individual; LINDA K.   )
    ROSSON, an individual; BARRY T.  )
15  ROSSON, an individual; and DOES 1 )
    through 100, inclusive.           )
16                                    )
              Defendants/Counterclaimants, )
17  vs.                               )
                                      )
18  PACIFIC INFORMATION RESOURCES,   )
    INC.; and ROES 1 through 100, inclusive. )
19                                    )
              Counter-Defendants.     )
20

21                  JURISDICTION AND VENUE

22  DEFENDANTS/COUNTERCLAIMANTS Rosson Ventures, LLC; Matthew Rosson, Linda K.

23  Rosson; and Barry T. Rosson (hereinafter DEFENDANTS) allege:

24  1    Rosson Ventures, LLC is a Nebraska limited liability company with its principal place of

25  business in Florida. Matthew Rosson, Linda K. Rosson, and Barry T. Rosson are residents of

26  Florida. Barry, Linda, and Matthew are officers and directors of Rosson Ventures.

27

28          DEFENDANTS COUNTERCLAIM FOR BREACH OF CONTRACT

2   DEFENDANTS are informed and believe and thereon allege that Pacific Information Resources, Inc. is a California corporation with its principal place of business in Newbury Park, California.

3   The true names and capacities of the PLAINTIFFS/COUNTER-DEFENDANTS (hereinafter PLAINTIFFS) sued in this Counterclaim as ROES 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, presently are unknown to DEFENDANTS, who therefore sues these PLAINTIFFS by such fictitious names. DEFENDANTS will amend this counterclaim to set forth the true names and capacities of ROES 1 through 100, inclusive when they have been ascertained or at the time of trial herein. DEFENDANTS are informed, believe, and thereon allege that each of such fictitiously named PLAINTIFFS participated in some manner in the events or occurrences referred to hereinafter, and/or proximately caused the damages complained of herein.

4   This honorable Court already has jurisdiction in this matter, therefore no additional grounds for jurisdiction need to be pled. *Federal Rules of Civil Procedure 8(a)(1)*.

5   Venue is proper in this district because a substantial part of the events giving rise to the claims occurred in this judicial district. *28 U.S.C. 1391*.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6   In August of 2006 PLAINTIFFS sued DEFENDANTS in the United States District Court, for the Northern District of California for copyright and trademark infringement, computer fraud, unfair business practices, and other related claims.

7   On February 21, 2007 DEFENDANTS signed a Settlement Agreement and Mutual Release with PLAINTIFFS effectively ending the lawsuit.

8   On August 24, 2007 PLAINTIFF filed a complaint for civil contempt and breach of contract against DEFENDANTS, alleging that DEFENDANTS breached the Settlement Agreement by failing to assign certain Uniform Resource Locators (URL's) to PLAINTIFF.

9   The URL's referenced in paragraphs 33 and 34 of PLAINTIFFS complaint include:

DEFENDANTS COUNTERCLAIM FOR BREACH OF CONTRACT

- 2 -

websherlock.com, websherlock.net, websherlock.org, websherlock.tv, and websherlock.info.

10   These domain names, and others, have all been assigned to PLAINTIFFS attorney Konrad Trope and are currently in his possession and under his control. (See Exhibits 2 & 3).

11   Prior to assigning the domain names to Mr. Trope, DEFENDANTS directly notified PLAINTIFF of both the domain names subject to the settlement agreement and of the procedure for registering them over to PLAINTIFFS name, yet PLAINTIFF did nothing.

12   Had PLAINTIFF registered the domains upon timely notice by DEFENDANT then none of the URL's would have lapsed in the first place.

13   Some of the URL's that lapsed were purchased by anonymous third parties; however, these URL's all linked to websherlock.com, a dead website with no content, and which PLAINTIFFS attorney is already in possession of. (See Exhibits 2 & 3)

14   When PLAINTIFF threatened DEFENDANTS with the current lawsuit, DEFENDANT MATTHEW ROSSON individually purchased the URL's of his own accord, and assigned them to PLAINTIFFS Attorney Konrad Trope in good faith (See Exhibits 2 & 3), nevertheless PLAINTIFF filed this lawsuit.

15   The Settlement Agreement does not require that DEFENDANTS purchase every domain name related to websherlock.com, but rather to assign "any and all websites owned and operated by ROSSON which are the subject of the PIR action." (See Exhibit 1).

16   DEFENDANTS attempted to assign all websites owned and operated by ROSSON yet PLAINTIFFS failed to pay for the licensing fees to have them registered in their name. This was not the DEFENDANTS responsibility under the Settlement Agreement (See Exhibit 1).

17   The "squatter-sites" that popped up using the lapsed URL's had no original content and linked to other colorable websites that do not compete with Plaintiffs business.

18   These "squatter-sites" are referral based and receive commissions (often in the range of 50-75%) on the new business they generate for the sites they link to; however, MATTHEW ROSSON was able to purchase the annual renewals for them for $10/each, meaning that the

DEFENDANTS COUNTERCLAIM FOR BREACH OF CONTRACT

"squatter-sites" generated less than $10/year in revenue. A far cry from the $75,001 in damages PLAINTIFF now seeks.

## FIRST CLAIM FOR RELIEF

### (For Breach of Contract - Against Plaintiff Pacific)

19   DEFENDANTS repeat, reallege, and incorporate by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 18 above.

20   The Settlement Agreement between PLAINTIFFS and DEFENDANTS was an enforceable contract.

21   Under this Settlement Agreement, the DEFENDANTS paid PLAINTIFFS a certain sum of money in exchange for a mutual release of liability. (Exhibit 1).

22   The Mutual Release required that both Parties agree "to mutually release any and all claims... whether known or unknown... which the parties have against each other... which arise out of the PIR action." (See Exhibit 1).

23   The PLAINTIFFS have breached the Settlement Agreement as described above by bringing the current cause of action arising from the original PIR action.

24   The DEFENDANTS have fully complied with the agreement by: 1) paying the specified sum of money, 2) discontinuing the use of the websherlock name, 3) attempting to assign the URL's Defendant owned to Pacific, and 4) by personally purchasing all web addresses associated with the websherlock name (even those not owned or operated by ROSSON) and assigning them to Plaintiffs Attorney Konrad Trope in good faith.

25   DEFENDANTS have suffered and continue to suffer damages as a result of this breach and lawsuit.

## PRAYER

Wherefore, DEFENDANTS demand judgment against the PLAINTIFF as follows:

1   For attorney's fees and all costs pursuant to item 13 of the Settlement Agreement. (See Exhibit 1).

---

DEFENDANTS COUNTERCLAIM FOR BREACH OF CONTRACT

2    For any other relief the Court deems proper.

Dated: 10/30/07

PREOVOLOS & ASSOCIATES

By: _____

Thanasi Preovolos
Attorney for Defendant

---

DEFENDANTS COUNTERCLAIM FOR BREACH OF CONTRACT

- 5 -

EXHIBIT # 1

Case 3:07-cv-04394-PJH    Document 12    Filed 11/29/2007    Page 6 of 19

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and between PACIFIC INFORMATION RESOURCES, INC.("PIR"), on the one hand, and ROSSON VENTURES, LLC; LINDA K. ROSSON; MATTHEW ROSSON; AND BARRY T. ROSSON on the other (collectively referred to as "ROSSON"). All of the foregoing parties are hereinafter collectively referred to as "the Parties".

WHEREAS, in or about August, 2006 PIR filed a lawsuit against ROSSON in the U.S. District Court for the Northern District of California styled as PACIFIC INFORMATION RESOURCES, INC. v. MUSSELMAN, et. al., Case No. C06-02306 MMC (the "PIR Action"), alleging claims for *inter alia* copyright infringement trademark infringement, trademark dilution, corrosion, and unfair competition.

WHEREAS, the Parties have stipulated to the entry of a Permanent Injunction against Rosson Ventures, LLC, Matthew Rosson and Linda K. Rosson regarding the conduct of ROSSON identified in the Complaint, which will be entered by the Court immediately following the execution of this Agreement. Barry Rosson was identified as a Defendant in the Complaint owing to his signature and name appearing on the corporate documents for Rosson Ventures, LLC, but he denies any active involvement in the actions and damages suffered by searchsystems.net, and thus the Parties have agreed that Barry Rosson would not be specifically enjoined.

WHEREAS, the Parties desire to enter into this settlement in order to avoid the inherent risks, burdens and expense of protracted litigation and possible appeals and by entering into this Agreement intend to compromise all disputed claims covered hereby for the mutual benefit of the Parties;

NOW, THEREFORE, in consideration for the exchange of valuable consideration and the mutual covenants and promises contained herein by and among the Parties, the PIR Action shall be and hereby is settled, compromised and dismissed on the merits and with prejudice in the manner and upon the terms and conditions set forth below.

1. The Parties agree as follows:

   A. ROSSON shall pay the sum of $27,500 (U.S.) in return for the releases set forth herein. Payment shall be made by wire transfer of good and valid funds to Novo Law Group, LLC within two (2) business days of the execution of this Agreement.

   B. ROSSON hereby agrees, consents and stipulates to the entry of a Permanent Injunction against Matthew Rosson and Linda K. Rosson, a copy of which is attached hereto and incorporated herein as Exhibit "A."

   C. Within five (5) business days of the: (1) the receipt of the settlement sum provided for in Paragraph 1(A) above, or (2) the entry of the Permanent Injunction described in Paragraph 1.B hereinabove, which ever is later in time, the PIR Action shall then

        be dismissed, with prejudice, as to ROSSON only, including all claims and counter-claims between the Parties.

    D.    Any and all websites owned and operated by ROSSON, which are the subject of the PIR Action, including, but not limited to, www.websherlock.com, shall be immediately terminated from operation and their Uniform Resource Locator address (URL's) shall be immediately assigned to PIR. Defendants, upon execution of this Agreement, shall make available to Plaintiff or its legal representatives, any and all documents. as defined under the Federal Rules of Evidence, currently in the Defendants' custody, care, or control or within the custody, care or control of Defendants' agents, heirs, board members, officers, accountant, attorneys, assigns, or successors relating to or concerning in any way whatsoever the facts and circumstances of this Action. Moreover, Defendants, as well as their agents, heirs, board members, officers, accountant, attorneys, assigns, or successors shall be available, upon the execution of this Agreement, to meet with and provide information to Plaintiff or Plaintiff's legal representatives upon no less than three days written prior notice .

2.    In consideration of the payment of the settlement amount stated above, and the mutual agreements set forth herein, the Parties agree to mutually release any and all claims, demands, obligations, losses, causes of action, damages, penalties, expenses, attorneys' fees, costs, liabilities and indemnities of any nature whatsoever, whether based on tort, statute, or other legal or equitable theory of recovery, whether now known or unknown, past, present or future, which the Parties had, now have, claim to have had, or otherwise have against each other which relate in any way to, or otherwise arise out of the PIR Action. The Parties further agree that the foregoing release encompasses and includes California Civil Code § 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in its favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

In furtherance of the payment of the settlement amounts stated above and the mutual agreements set forth herein, the Parties hereby release, acquit and forever discharge each other, their agents, attorneys, representatives, successors, and assigns, and each and all of them, from any and all claims demands, causes of action, rights, obligations and liabilities, whether or not now known, suspected or claimed which they or any of them have, have ever had or claim to have had against the other with regard to the PIR Action.

The Parties understand that they may later discover facts in addition to or different from the facts they now believe to be true and that they may later discover claims that they do not now suspect. They nevertheless intend for this Paragraph 2 to operate as a final and irrevocable release of all claims, and they accordingly agree that they may not terminate or rescind this

Agreement on the basis of any later discovery of different or additional facts or of any unknown or unsuspected claims.

3. The Parties hereto, and each of them, acknowledge that no representations or promises of any kind or character have been made to them by anyone to induce the execution of this instrument except as set forth herein.

4. This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, executors, administrators, predecessors, successors, assigns, stockholders, partners, employees, and representatives.

5. The foregoing provisions of this Agreement notwithstanding, the releases herein given shall not affect nor release the Parties from the rights and obligations created by this Agreement.

6. Other than the sum described above to be tendered to PIR by ROSSON, each side agrees to otherwise bear its own attorneys' fees and costs related to the PIR Action.

7. This Agreement constitutes the full, complete and entire agreement and understanding of the Parties regarding the subject matter hereof. The Parties hereto represent that they have read this Agreement, that they understand the terms hereof, and that they have voluntarily executed this Agreement.

8. This Agreement shall be construed and enforced according to the laws of the State of California. This Agreement is to be deemed to have been jointly prepared by the Parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any of the Parties, if any such uncertainty or ambiguity exists.

9. This Settlement Agreement shall not be construed in favor of or against any of the Parties. If any term, provision, covenant, or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

10. No changes in, additions to, or modifications of this Agreement shall be valid unless set forth in writing executed by all Parties hereto.

11. The Parties represent that they have not assigned any claims or rights made the subject of this Agreement to any other party and that the Party has the full and complete authority to settle and release such claims.

12. This Agreement and the terms and conditions hereof were determined in arms' length negotiations by, between, and among the Parties and their respective counsel and represent a final, mutually agreeable compromise.

13. In any suit, action or proceeding to enforce or interpret any of the terms or provisions of this Agreement, the prevailing party in such suit, action or proceeding shall be entitled, in

addition to damages, injunctive or other relief, its reasonable costs and expenses, including, without limitation, reasonable attorneys' fees, whether incurred through trial, arbitration, mediation or other dispute resolution proceeding or process, or on appeal therefrom.

14. This Agreement may be executed in counterparts, all of which together shall constitute a single instrument.

15. A facsimile copy or photocopy of the signature of a Party to this Agreement, or of their authorized representative, shall have the same force and effect as an original signature.

16. Each party signing this Agreement represents and warrants that he or she has the authority to bind to this Agreement the party for whom they sign.

17. Each party signing this Agreement shall also execute any and all other documents necessary to carry out the intent expressed and give effect to this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement by their duly authorized officers as of the date and year set forth below.

PACIFIC INFORMATION RESOURCES, INC.      ROSSON VENTURES, LLC

By: _____             By: _[signature]_
Title: _____             Title: _MANAGING DIRECTOR_
Date: _____              Date: _2/21/2007_


LINDA K. ROSSON                          MATTHEW ROSSON

_[signature]_                            _[signature Matthew Rosson]_
Date: _2/21/2007_                        Date: _2/21/07_


BARRY T. ROSSON

_[signature Barry T. Rosson]_
Date: _2/21/07_

Page 4 of 4

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC., <br> Plaintiff, <br> v. <br> DIANA MUSSELMAN, individually, et. al. <br> Defendants. | CASE NO. C06-02306 MMC <br><br> [Before the Honorable Maxine M. Chesney Courtroom: 7] <br><br> STIPULATED PERMANENT INJUNCTION AGAINST DEFENDANTS ROSSON VENTURES, LLC, MATTHEW ROSSON, AND LINDA K. ROSSON <br><br> 3rd Am. Compl. Filed: January 25, 2007 <br> Discovery Cut-Off: November 7, 2007 <br> Trial Date: May 5, 2008 <br> Rule 16 Conference: January 26, 2007 |

Defendants Rosson Ventures, LLC D/b/a Websherlock.com, Linda K. Rosson, and Matthew Rosson ("Defendants") acknowledge, agree, and stipulate to the following:

(1) that Plaintiff Pacific Information Resources, Inc. (Pacific) owns and operates the website located at www.searchsystems.net (the "WEBSITE");

(2) that Pacific has registered two valid copyrights concerning the WEBSITE. One registration, bearing Registration No. TX 6-275-368 protects the text of the WEBSITE, bearing the URL www.searchsystems.net. Plaintiff's other valid copyright registration at issue in this stipulated permanent injunction, bears Registration No. TX 6-275-367 which protects the PHP Hyper Text Processor

1

Permanent Injunction with Rosson Ventures, Linda K. Rosson, and Matthew Rosson
Case No. C06-02306 MMC

source code of the WEBSITE. True and correct copies of the copyright registrations are attached hereto and incorporated herein as **Exhibit "1"** (the "COPYRIGHTS");

(3)  that Pacific also has a valid registration from the United States Patent and Trademark Office for its service mark consisting of the word mark "search systems" within a design or drawing bearing USPTO Trademark Registration No. 2019094 (the "SERVICE MARK"). A true and correct copy of this registration for Plaintiff's registered SERVICE MARK is attached hereto and incorporated herein as Exhibit "2"; and

(4)  that Pacific has continuously, for the preceding five years, at the very least, continuously and openly used variations of its registered SERVICE MARK, but such variations, while not registered, acquired secondary meaning and thus are fully protected under applicable federal and state law as described in Pacific's Third Amended Complaint on file with the court; that Pacific's registered SERVICE MARK and unregistered service marks are collectively hereinafter referred to as the "SERVICE MARKS" and that the unregistered but legally valid and protected SERVICE MARKS of Plaintiff include, but are not limited to, the terms: "searchsystems", "searchsystems.net".

Accordingly, Defendants Rosson Ventures, LLC d/b/a www.websherlock.com, Linda K. Rosson, and Matthew Rosson, agree, consent and stipulate to the entry of a permanent injunction against themselves, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this injunction from reproducing, copying, manufacturing, importing, using, promoting, selling, renting, leasing, distributing, or displaying:

(1)  any part of the WEBSITE or any website substantially similar to the copyright protected WEBSITE;

(2)  any part of the SERVICE MARKS; or

(3)  from authorizing anyone to do the same, or from exercising any other of the

exclusive rights of a copyright owner and a service mark owner under the various federal and state statutes listed in Pacific's Third Amended Complaint.

Defendants further agree and stipulate to be permanently enjoined from:

(1) selling or marketing services in any way that tends to deceive, mislead, or confuse the public into believing that the Defendants' websites were or are in any way sanctioned by or affiliated with Pacific's WEBSITE;

(2) diluting the distinctive quality of Pacific's SERVICE MARKS; or

(3) otherwise competing unfairly with Pacific or its WEBSITE; or

(4) from authorizing anyone to do the same, or from exercising any other of the exclusive rights of a copyright owner and a service mark owner under the various federal and state statutes listed in Pacific's Third Amended Complaint.

Notwithstanding the dismissal, by Plaintiff Pacific, of this action, with prejudice, as to only Defendants Rosson Ventures, LLC D/b/a Websherlock.com, Linda K. Rosson, Matthew Rosson, and Berry T. Rosson, the parties hereto agree, acknowledge and consent to this court retaining jurisdiction to enforce this injunction or otherwise adjudicate any and all disputes arising out of or related to this injunction and the parties named herein.

ACKNOWLEDGED, AGREED AND UNDERSTOOD:

PACIFIC INFORMATION RESOURCES, INC.     ROSSON VENTURES, LLC

By: _____             By: _/s/ Linda Rosson_____
Title: _____              Title: _MANAGING DIRECTOR_
Date: _____               Date: _2/21/2007_

LINDA K. ROSSON                          MATTHEW ROSSON
_/s/ Linda Rosson_                       _/s/ Matthew Rosson_
Date: _2/21/2007_                        Date: _2/21/07_

1     IT IS SO ORDERED.

2 Dated:_____

3                                          Honorable Maxine M. Chesney
                                         JUDGE OF THE UNITED STATES
4                                          DISTRICT COURT

Prepared by:

5

Konrad L. Trope, Esq. SBN 133214
6 **Novo Law Group, P.C.**
University Tower
7 4199 Campus Drive, Suite 550
Irvine, California 92612
8 (949) 509-6531 (tel)
(949) 509-6532 (fax)
9

Attorneys for Plaintiff
10 PACIFIC INFORMATION RESOURCES, INC.

EXHIBIT # 2

Dear Matthew Rosson,

This message is to confirm that you have initiated a change of registrant for the following domain name(s):

MYWEBSHERLOCK.COM
NETSHERLOCK.COM
WEBSHERLOCK.COM
WEBSHERLOCK.INFO
WEBSHERLOCK.ORG
WEBSHERLOCK.TV
WEBSHERLOCKONLINE.COM

The email address for the new registrant of the domain is ktrope@novolaw.com.

---

If for any reason this information is incorrect or you feel this change of registrant request was made in error, you may cancel this change of registrant.

You may be asked to log in to cancel this change of registrant. To safely log in:

1. Go to the 879Domains.com home page and select "My Account."

2. Enter your log in name (or customer number) and password, then click "Secure Login."

You will then be taken to the Account Manager, where you may manage your products and services.

---

If you have forgotten your password, select the "retrieve my password" link on the log in page.

If you need additional assistance, please contact us within 15 days at mailto:support@secureserver.net.

Sincerely,
879Domains.com

EXHIBIT # 3

Dear Matthew Rosson,

This message is to confirm that you have initiated a change of registrant for the following domain name(s):

**WEBSHERLOCK.NET**

The email address for the new registrant of the domain is ktrope@novolaw.com.

------------------------------------------------------------

If for any reason this information is incorrect or you feel this change of registrant request was made in error, you may cancel this change of registrant.

You may be asked to log in to cancel this change of registrant. To safely log in:

  1. Go to the GoDaddy.com home page and select "My Account."

  2. Enter your log in name (or customer number) and password, then click "Secure Login."

You will then be taken to the Account Manager, where you may manage your products and services.

------------------------------------------------------------

If you have forgotten your password, select the "retrieve my password" link on the log in page.

If you need additional assistance, please contact us within 15 days at support@godaddy.com.

Sincerely,
GoDaddy.com

Preovolos & Associates, ALC
401 B Street, Suite 1520
San Diego, CA 92101
(619) 696-0520
(619) 238-5344 (fax)

Case Number: C074394

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 401 B Street, Suite 1520, San Diego, California 92101. I am employed in the county of San Diego where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

I am also familiar with the employer's normal business practice for processing of correspondence for delivery via facsimile, and that practice is to transmit via facsimile on the same day as the day of execution of this proof of service.

On the date set forth below, following ordinary business practice, I served the foregoing documents(s) described as:

1) ANSWER TO COMPLAINT FOR CIVIL CONTEMPT AND BREACH OF CONTRACT
2) DEFENDANTS COUNTERCLAIM FOR BREACH OF CONTRACT

X   BY FAX by transmitting by facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5 p.m.

X   BY MAIL by causing such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

To the following:

Konrad Trope
Novo Law Group, P.C.
4631 Teller Ave, Suite 140
Newport Beach, CA 92660

Fax:    (949) 222-0983

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 30, 2007 at San Diego, California.

10/30/07

Lawrence Mudgett, J.D.

PROOF OF SERVICE

1