Thanasi K Preovolos, Esq. SBN 182334
Pajman Jassim, Esq. SBN 288478
PREOVOLOS & ASSOCIATES, ALC
401 B Street, Suite 1520
San Diego, CA 92101
TEL (619) 696-0520
FAX (619) 238-5344

Attorney for Defendants: Rosson Ventures, LLC,
Matthew Rosson, Linda K Rosson, and Barry T Rosson.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC,<br>    Plaintiff,<br>vs.<br>ROSSON VENTURES, LLC; MATTHEW ROSSON, an individual; LINDA K ROSSO, an individual; BARRY T ROSSON; an individual,<br>    Defendants and Counterclaimants,<br>vs.<br>PACIFIC INFORMATION RESOURCES, INC,<br>    Counter Defendant. | Case No.: 3:07-cv-04394-CJS<br><br>**DEFENDNTS' SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Department A<br>Judge C.J. Spero presiding<br><br>Hearing Date 1/11/2008<br>Time 1:30 p.m. |

Come now all defendants to this action and by and through their attorneys do hereby submit their Separate Case Management Statement.

### Jurisdiction and Service

Plaintiff is a corporation whose principal place of business is Newbury Park; CA. Defendant is a Nebraska LLC with its principal place of business in Florida. The remainder of the defendants are individuals and are residents of Florida. Subject matter jurisdiction is with this court as a substantial part of the events giving rise to the claims and counter claims occurred in

this judicial district. Defendants here accepted service through their attorneys Preovolos & Associates, ALC. No issues are believed at this time to exist as to jurisdiction or venue.

### Facts

In August 2006 PLAINTIFFS sued DEFENDANTS in the United States District Court for the Northern District of California for copyright and trademark infringement, computer fraud, unfair business practices, and other related claims under case number C06-02306 MMC. PLAINTIFFS alleged that DEFENDANTS had wrongfully copied PLAINTIFFS intellectual property, the website source code for Plaintiffs website searchsystems.net, in order to operate and maintain a competing internet based public records directory search engine known as websherlock.com.

On February 21, 2007 PLAINTIFFS and DEFENDANTS entered into a Settlement Agreement and Mutual Release effectively ending the lawsuit in which defendants denied any wrongdoing alleged in the complaint. On August 24, 2007 Plaintiffs filed this instant action for civil contempt and breach of contract to enforce the outcome settlement agreement coming from case number C06-02306 MMC.

Section 1.D. of the Settlement Agreement states that "Any and all websites owned and operated by ROSSON, which are the subject of the PIR [Pacific Information Resources] Action, including but not limited to, www.websherlock.com, shall be immediately terminated from operation and their Uniform Resource Locator address (URL's) shall be immediately assigned to PIR."

DEFENDANTS had previously ceased operation of the website and on February 22, 2007 DEFENDANTS then attorney, Don Knight, sent PLAINTIFFS attorney, Konrad Trope an email explaining the transfer procedure. PLAINTIFFS failed to respond to DEFENDANTS attempt to transfer. Eventually, ownership of some of the domain names lapsed allowing unknown parties to purchase them. The remaining sites were still owned by DEFENDANT and featured no original content; they were merely the web hosting companies (GoDaddy.com or 879Domains.com) default page for websites with no content.

On or about July of 2007 PLAINTIFFS complained to DEFENDANTS about their alleged failure to live up to the terms of the Settlement Agreement claiming that they continued to profit from the websherlock name and had not transferred the websites to PLAINTIFFS. PLAINTIFFS filed this lawsuit against DEFENDANTS on August 24, 2007.

Shortly thereafter, DEFENDANT Matthew Rosson individually purchased the domain names that had lapsed and transferred ownership of them along with those domain names still owned by DEFENDANT to PLAINTIFFS Attorney Konrad Trope. Konrad Trope now owns each and every domain name subject to "the original PIR action."

On October 30, 2007 DEFENDANTS filed their answer to PLAINTIFFS complaint and counterclaimed for breach of contract. PLAINTIFFS have not yet responded.

### Legal Issues

1) Did DEFENDANTS failure to unilaterally initiate transfer proceedings for the websherlock domain names constitute a violation of the settlement agreement? If so, were DEFENDANTS instructions to PLAINTIFF regarding mutually transferring the domain names sufficient to comply with said agreement? Can DEFENDANTS be liable for PLAINTIFFS non performance?

2) Did DEFENDANTS owe PLAINTIFF a duty not to let any domain names lapse after PLAINTIFF failed to initiate transfer proceedings per DEFENDANTS written request? If so, did PLAINTIFFS suffer any damages from DEFENDANTS conduct?

3) Did PLAINTIFFS fail to perform and thereby breach their duties under the settlement agreement by not initiating transfer proceedings for the websherlock domain names after receiving written instructions from DEFENDANT?

4) Is PLAINTIFFS current cause of action an extension of the original PIR action and therefore a breach of the settlement agreement? If so, is DEFENDANT entitled to its costs and attorneys fees pursuant to the contract?

///

///

///

### Motions

No motions have been filed in this matter to date. Defendants anticipate a motion for summary adjudication or dismissal of plaintiff's entire case, following initial disclosure and, if not then, certainly following an initial round of discovery.

### Amendment of Pleadings

There have been no amendments to the pleadings to date, plaintiff has filed a complaint, defendants have answered and filed their counter claim; no amendments to these pleadings are currently being entertained by the parties. Plaintiff has not filed responding papers to defendants' counter claim.

### Evidence Preservation

No steps have been taken to date to preserve documents in this matter. Pertinent documents and communications have been exchanged informally, prior to litigation and as part of the related previous lawsuit; case number C06-02306 MMC. It is not believed that any steps need be taken to preclude the loss of evidence through document destruction, any erasure of e-mails, voice mails, or other electronically recorded evidence and that the parties hereby agree not to destroy pertinent evidence or to allow pertinent evidence to be destroyed.

### Disclosures

The date for initial disclosure is on yet to be determined, as such, formal disclosure has not occurred. Plaintiff has sent what is purported to be all documents relating to the case that are in his possession and defendant has similarly sent partial disclosure in the form of documents that address specific questions of liability raised by the plaintiff.

### Discovery

The parties anticipate, in addition to initial disclosure, light to moderate written discovery and, likely no more than two or three depositions on either side of the case. Document production is anticipated to be limited, for the most part, to documents already informally exchanged between the parties or exchanged / produced in case number C06-02306 MMC. No specific discovery issues are anticipated at this time.

### Class Actions

This is not a case where class status is applicable, nor will class certification be sought.

### Related Cases

A previous case was brought by plaintiffs under case number C06-02306 MMC against multiple defendants including but not limited to the defendants here. That case was heard in this court and the plaintiff and defendants here entered into a settlement. The settlement agreement subject to and forming the evidentiary foundation for this instant case was the very agreement reached in case number C06-02306 MMC.

### Relief Sought

Plaintiff seeks money damages in the amount of $ 75,001.00, compulsory injunctive relief, attorney's fees and costs, and punitive damages, exemplary damages, enhanced damages, or treble damages. Defendants are in full compliance with the settlement agreement referenced in the section above titled Related Cases and ask this court to dismiss the action and award fees and costs to the defendants. On defendants' counter claim defendants seek attorney's fees and costs pursuant to the Settlement Agreement.

### Settlement and ADR

While there has been no formal ADR to date in this matter there is a high probability of early settlement. The complaint was filed for breach of a settlement already made between the parties indicating their willingness to settle and prior attempts to do so as well. Settlement negotiations are ongoing.

### Consent to Magistrate Judge For All Purposes

Defendants consent to a Magistrate Judge for all purposes and have so stated. Defendants believe plaintiff does not so consent.

### Other References

The parties concur that this case is suitable for reference to mediation or other ADR as deemed appropriate by the court. Settlement negotiations are ongoing and may be finalized prior to the case management conference on 1/11/2008.

### Narrowing of Issues

This case turns on the interpretation of the settlement agreement drafted and entered into following case number C06-02306 MMC. Assistance in the interpretation of the terms and respective duties flowing from these terms is in the form of the parties' course of action and communication surrounding this settlement. It is not anticipated the issues can be further narrowed at this juncture.

### Expedited Schedule

The parties do not request an expedited calendar for this matter.

### Scheduling

The parties anticipate being above to complete the majority of written discovery in this matter by June, 2008 and conduct depositions of no more than six percipient witness/parties by September 2008. Additional follow-up discovery may be necessary and, if so, should be complete by the end of the year 2008. Expert witness information and designation, as necessary, can be exchanged by September 2008. A motion and discovery cut-off of end of December 2008, trial date of early 2009 or as soon thereafter as this court's calendar allows is requested with the appropriate deadlines for motions in limine, exchange of witnesses and exhibits as the court sees fit.

### Trial

Plaintiff has requested a jury trial for this case; defendants do not so request and request a bench trial, again consenting to a magistrate Judge for all purposes. The parties anticipate a 3 day trial. A maximum of eight witnesses including any designated experts is anticipated by the parties and forty and sixty exhibits, mostly correspondence between the parties and others.

### Disclosure of Non-Party Interested Entities or Persons

Other than the plaintiff and defendants, there are no interested parties to this action.

Respectfully submitted;

January 4, 2008

Thanasi K Preovolos, Esq.
PREOVOLOS & ASSOCIATES, ALC
401 B Street, Suite 1520
San Diego, CA 92101