Thanasi K Preovolos, Esq. SBN 182334
Pajman Jassim, Esq. SBN 288478
PREOVOLOS & ASSOCIATES, ALC
401 B Street, Suite 1520
San Diego, CA 92101
TEL (619) 696-0520
FAX (619) 238-5344

Attorney for Defendants: Rosson Ventures, LLC,
Matthew Rosson, Linda K Rosson, and Barry T Rosson.

**Konrad Trope, Esq.**
NOVO LAW GROUP, PC
4631 Teller Avenue, Suite 140
Newport Beach, Ca 92660
TEL (949) 222-0899
FAX(949) 222-0983

Attorney for Plaintiff: Pacific Information Resources, Inc

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC INFORMATION RESOURCES, INC, <br><br> Plaintiff, <br> vs. <br> ROSSON VENTURES, LLC; MATTHEW ROSSON, an individual; LINDA K ROSSO, an individual; BARRY T ROSSON; an individual, <br><br> Defendants and Counterclaimants, <br> vs. <br> PACIFIC INFORMATION RESOURCES, INC, <br><br> Counter Defendant. | Case No.: 3:07-cv-04394-CJS <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Courtroom 3, 17th Floor <br> **Judge Hamilton presiding** <br><br> Hearing Date 1/31/2008 <br> Time 2:30 p.m. |

Come now all parties to this action and by and through their attorneys do hereby submit their Joint Case Management Statement. While the parties have signed a <u>Settlement Agreement & Mutual Release</u> and have filed their <u>Stipulation of Dismissal</u> for the Court's consideration and approval, this statement is timely filed to summarize the posture of the case today.

### Jurisdiction and Service

Plaintiff is a corporation whose principal place of business is Newbury Park; CA. Defendant is a Nebraska LLC with its principal place of business in Florida. The remainder of the defendants are individuals and are residents of Florida. Subject matter jurisdiction is with this court as a substantial part of the events giving rise to the claims and counter claims occurred in this judicial district. Defendants here accepted service through their attorneys Preovolos & Associates, ALC. No issues are believed at this time to exist as to jurisdiction or venue.

### Facts

In August 2006 PLAINTIFF sued DEFENDANTS in the United States District Court for the Northern District of California for copyright and trademark infringement, computer fraud, unfair business practices, and other related claims under case number C06-02306 MMC. PLAINTIFF alleged that DEFENDANTS had wrongfully copied PLAINTIFF intellectual property, the website source code for Plaintiff website searchsystems.net, in order to operate and maintain a competing internet based public records directory search engine known as websherlock.com.

On February 21, 2007 PLAINTIFF and DEFENDANTS entered into a Settlement Agreement and Mutual Release effectively ending the lawsuit in which defendants denied any wrongdoing alleged in the complaint. On August 24, 2007 Plaintiff filed this instant action for civil contempt and breach of contract to enforce the outcome settlement agreement coming from case number C06-02306 MMC.

Section 1.D. of the Settlement Agreement states that "Any and all websites owned and operated by ROSSON, which are the subject of the PIR [Pacific Information Resources] Action, including but not limited to, www.websherlock.com, shall be immediately terminated from operation and their Uniform Resource Locator address (URL's) shall be immediately assigned to PIR."

DEFENDANTS had previously ceased operation of the website and on February 22, 2007 DEFENDANTS then attorney, Don Knight, sent PLAINTIFF's attorney, Konrad Trope an email explaining the transfer procedure. PLAINTIFF contends that in numerous phone calls

with then Defendants' counsel, Don Knight, that the transfer procedure requested was for Defendants to initiate the transfer of the sites.

Eventually, ownership of some of the domain names lapsed allowing unknown parties to purchase them. The remaining sites were still owned by DEFENDANT and featured no original content; they were merely the web hosting companies (GoDaddy.com or 879Domains.com) default page for websites with no content.

On or about July of 2007 PLAINTIFF complained to DEFENDANTS about their alleged failure to live up to the terms of the Settlement Agreement claiming that they continued to profit from the websherlock name and had not transferred the websites to PLAINTIFF. PLAINTIFF filed this lawsuit against DEFENDANTS on August 24, 2007.

Shortly thereafter, DEFENDANT Matthew Rosson individually purchased the domain names that had lapsed and transferred ownership of them along with those domain names still owned by DEFENDANT to PLAINTIFF Attorney Konrad Trope. Konrad Trope then transferred those sites to his client, the Plaintiff in both actions, Pacific Information Resources now owns each and every domain name subject to "the original PIR action."

On October 30, 2007 DEFENDANTS filed their answer to PLAINTIFF's complaint and counterclaimed for breach of contract. PLAINTIFF's have not yet responded.

### Legal Issues

1) Did DEFENDANTS failure to unilaterally initiate transfer proceedings for the websherlock domain names constitute a violation of the settlement agreement? If so, were DEFENDANTS instructions to PLAINTIFF regarding mutually transferring the domain names sufficient to comply with said agreement? Can DEFENDANTS be liable for PLAINTIFF non performance?

2) Did DEFENDANTS owe PLAINTIFF a duty not to let any domain names lapse after PLAINTIFF failed to initiate transfer proceedings per DEFENDANTS written request? If so, did PLAINTIFF suffer any damages from DEFENDANTS conduct?

/ / /

/ / /

3) Did PLAINTIFF fail to perform and thereby breach their duties under the settlement agreement by not initiating transfer proceedings for the websherlock domain names after receiving written instructions from DEFENDANT?

4) Is PLAINTIFF current cause of action an extension of the original PIR action and therefore a breach of the settlement agreement? If so, is DEFENDANT entitled to its costs and attorneys fees pursuant to the contract?

### Motions

Not Applicable. The parties have settled and seek dismissal of this action.

### Amendment of Pleadings

Not Applicable. The parties have settled and seek dismissal of this action.

### Evidence Preservation

Not Applicable. The parties have settled and seek dismissal of this action.

### Disclosures

Not Applicable. The parties have settled and seek dismissal of this action.

### Discovery

Not Applicable. The parties have settled and seek dismissal of this action.

### Class Actions

Not Applicable. The parties have settled and seek dismissal of this action.

### Related Cases

Not Applicable. The parties have settled and seek dismissal of this action.

### Relief Sought

Not Applicable. The parties have settled and seek dismissal of this action.

### Settlement and ADR

Not Applicable. The parties have settled and seek dismissal of this action.

### Consent to Magistrate Judge For All Purposes

Not Applicable. The parties have settled and seek dismissal of this action.

///
///

### Other References

Not Applicable. The parties have settled and seek dismissal of this action.

### Narrowing of Issues

Not Applicable. The parties have settled and seek dismissal of this action.

### Expedited Schedule

Not Applicable. The parties have settled and seek dismissal of this action.

### Scheduling

Not Applicable. The parties have settled and seek dismissal of this action.

### Trial

Not Applicable. The parties have settled and seek dismissal of this action.

### Disclosure of Non-Party Interested Entities or Persons

Not Applicable. The parties have settled and seek dismissal of this action.

Respectfully submitted;

January 24, 2008

_____
Thanasi K. Preovolos, Esq.
For the Defendants

January 24, 2008

_____
Konrad Trope, Esq.
For the Plaintiff